JOHN F. DAVIS v. TIMOTHY ELY and others.

*Complaint; prayer for relief in—Fragmentary Appeal—Submitting to nonsuit; when proper—Practice; reserving questions of Law encouraged.*

1. Under the C. C P., the prayer for relief is most obviously a material part of the .complaint. But *semble* that failure to insert such prayer is not fatal.

2. After the jury was empanelled and the pleadings read, the defendant moved to dismiss the action, upon the ground that it did not contain a statement of facts sufficient to constitute a cause of action. This motion was refused, the Judge remarking that a cause of action was stated, but not such a cause as would entitle plaintiff to the relief he insisted on in the argument of his counsel. Thereupon, plaintiff submittted to a nonsuit, and appealed. No evidence was introduced by either party ; *Held*, that there was no ruling to justify plaintiff's course, as there were no admitted facts, or facts that might be found upon proofs, upon which a practical ruling could have been made, and the appeal would not be entertained.

3. Fragmentary appeals will not be allowed when the subject-matter could be afterwards considered and .error corrected, without detriment to the appellant. But this rule does not apply to interlocutory orders, the granting or refusal of which may produce present injury or loss, as these come within § 548 of *The Code*.

4. When a nonsuit is asked at the end of plaintiff's evidence, it is the better practice for the Judge to reserve the point until after verdict.

CIVIL ACTION, tried before *Graves, J.*, and a jury, at Fall Term, 1887, of CAMDEN Superior Court.

Plaintiff, upon an intimation of opinion by the Court, submitted to a nonsuit, and appealed.·

The facts appear in the opinion.

*Mr. E. F. Aydlett*, for the plaintiff.
*Mr. Harvey Terry*, for the defendants.

SMITH, C. J.   This action is instituted to reform and enforce the specific performance of a contract, the terms of which are alleged to have been arranged and agreed on between the defendants, and the father of the plaintiff acting on his behalf verbally, and which contract, by means of the false and fraudulent representations made by the defendant Terry, acting for his associates, as to the provisions of the oral agreement, was put in its present form, as shown in the accompanying exhibit.   The variation, it is asserted, consists in substituting for the Hall tract of land, containing 3,000 acres, which the plaintiff was to have, in addition to the share to be allotted in the division of the great Parker estate, an indefinite portion of 1,300 acres, adjoining that share, the correction and amendment required being to bring the matters in harmony with the parol contract.   It is only necessary to say that the answers of the defendants deny the imputations and enter into an explanation of the facts of the transaction inconsistent with the charges in the complaint.

The complaint, after a statement of the facts that constitute the cause of action, concludes with no demand for specific relief, except for costs, adding, " and for such other and further relief as to the Court may seem just."

As the essence of a bill in equity for relief lies in the recital of facts, and the demand for redress, it ought to be shown therein what is demanded, and under a prayer for general relief, if that specified cannot be given, some other may be, consistent with the structure and objects of the bill. *Whitfield* v. *Cates*, 6 Jones Eq., 136.

The office of a complaint which, under *The Code*, takes the place of the bill, is to set out the facts out of which comes the cause of action, and, as the summons, which begins the suit, notifies the party on whom it is served, to answer the charges to be preferred against him, " or the plaintiff will apply to the Court for the relief demanded in the complaint,"

*The Code,* § 213, most obviously this becomes a material' part of the pleading.

But waiving this defect, which we do not declare to be fatal, we proceed to the consideration of the case presented in the appeal.

The record shows that after the jury had been empanelled, and "the complaint and answer read," as we understand; that the matters in issue might be seen from the conflicting· allegations, (for no issues in form appear in the record,) the defendants moved to dismiss the action for an insufficient statement of facts in the complaint. This motion was denied, the Court at the same time remarking, that while a cause of action was stated in the complaint sufficient to warrant the rescission of the contract, if sustained by the proofs, it could not be reformed and, as corrected, specifically enforced, as insisted on by the plaintiff in the argument. In submission to this intimation of opinion, the plaintiff suffered a nonsuit, and from the judgment appealed.

The opinion expressed was, under the circumstances, purely hypothetical and contingent upon the results of evidence that had not been heard, and was to be passed upon by the jury. The trial was then entered upon, and the case not in a condition to authorize any practical and effectual ruling upon the point. Such a speculative opinion, open to change upon a reconsideration up to the time when the cause was ripe for judgment, does not authorize an abrupt termination of the action, in the midst of its progress, and we have often announced that such an appeal, fragmentary and inconclusive, would not be entertained. In answer to the suggestion, that if the opinion were upheld, it would dispose of the cause, and save the delay and expense of further litigation, it may be said that this would be equally true of a motion to dismiss the action, and yet in a multitude of cases, when disallowed, it has been held, that an appeal would not lie, and this because no right, if exception

to the ruling be noted, is lost, and the exception may be reviewed upon an appeal from the final determination. *Crawley* v. *Woodfin*, 78 N. C., 4, and numerous cases cited in Clark's Code, page 332, *et seq.*

The policy of the new practice is to bring litigation to an early close, and hence the rulings that an error, leading to no present injurious consequences, and capable of correction after trial, on appeal, will not be suffered to interrupt the proceeding, unnecessarily.

On the other hand, the inconveniences might be very serious, if, in the ruling, there was found to be no error, and the same had to go back, to be prosecuted from the point of interruption, with all the increased expense and consequent delay, when, as in our case, the jury were empanelled, and the witnesses present, to be examined. The trial ought, therefore, to have gone on, and the failure of the plaintiff to make good his allegations, would have rendered the opinion, when it was to pass into a ruling, entirely immaterial.

It has been repeatedly and distinctly held, that appeals, fragmentary in their character, could not be allowed, when the subject-matter could be afterwards considered, and any erroneous ruling corrected as well, without detriment to the appellant. *Hines* v. *Hines*, 84 N. C., 122; *Commissioners* v. *Satchwell*, 88 N. C., 1; *Jones* v. *Call*, 89 N. C., 188; *Lutz* v. *Cline*, Ib., 186.

The rule does not, of course, apply to interlocutory orders made from time to time, the granting or withholding of which may produce present loss or injury, and need prompt action to prevent; for these cases come within the words of section 548, of *The Code.*

Under the former practice this method was disapproved, and, though allowed, it was suggested as a proper course of action, when a nonsuit was asked at the close of the plaintiff's evidence, not at once to rule upon the point, but to reserve the question, and let the case proceed to a verdict, so that if

it was against the plaintiff, the reserved point would be put out of the way, and if for him, the ruling upon it, adverse to the defendant, when erroneous, could be corrected, and in either case the cause terminated. *Kirby* v. *Mills*, 78 N. C., 124.

What has been said has reference to premature appeals upon rulings actually made, or upon an intimation of an opinion when about to be made in a condition of the case admitting it, to avoid which, a nonsuit is suffered; but even this state of facts is not before us now.

Our decision rests on the fact that there was no ruling, nor could be, so that it would be avoided by a nonsuit, to call for the action taken by the appellant, inasmuch as there were no admitted facts, or facts that might be found upon proofs, upon which a practical and sufficient ruling could have been made.

For these reasons we should dismiss the appeal, and allow the cause to proceed in the Court below, but that such would not be the result in this case, because of the nonsuit which ends the action, and this action was in deference to the intimated ruling. We therefore remand the cause, that the nonsuit may be set aside, and the action proceed. And it is so adjudged.

Error.                                                    Remanded.