THE AMERICAN PUBLISHING AND ENGRAVING CO. v.
GIBBES & CO. ·

1. APPEAL—NONSUIT.—An order granting a nonsuit at instance of
plaintiff because testimony upon which he relied was held incom-
petent is appealable.

2. IBID.—"CASE."—In an appeal on notice of *intention* to appeal from
judgment *to be entered up,* the time within which the "Case" must
be served does not commence to run until judgment *is entered up.*

Motion to dismiss appeal in case of The American Publishing and Engraving Co. *vs.* W. H. Gibbes & Co.

*Mr. Jno. P. Thomas, jr.,* for motion.

*Mr. Leroy F. Youmans,* contra.

January, 1901. PER CURIAM. This is a motion to dismiss the appeal on two grounds: 1st. Because the matter sought to be appealed from is not appealable. 2d. Because the "Case" and exceptions have not been served within the time provided by law. The motion papers disclose the following facts: that the case came on for trial before his Honor, Judge Townsend, and a jury on the 14th day of November, 1900, when the plaintiff offered testimony in the form of a commission "or deposition taken in New York," which testimony was objected to by defendant, and the objection was sustained. Thereupon plaintiff's counsel announced that he would take a nonsuit, which was allowed, and an order to that effect was passed, bearing date the 14th day of November, 1900. On the same day the Court, at which the said order was passed, adjourned *sine die.* In due time thereafter, to wit: on the 24th day of November, 1900, plaintiff's counsel gave notice of his intention "to appeal from the judgment to be entered up in this Court," but it does not appear when, if at all, any such judgment was entered up in the Circuit Court. It does appear, however, that no case with exceptions has ever been served upon counsel for respondent, although more than thirty days had elapsed since the service of the said notice of intention to appeal, before the notice of the motion under consideration was served.

We will consider, first, the first ground upon which the present motion is based, to wit: that the matter sought to be appealed from is not appealable, because, as we learn from the argument here, a party cannot appeal from an order or judgment which he has asked for, and that as plaintiff's counsel moved for the order granted by Judge

Townsend, he cannot appeal therefrom; the case of *Reeves* v. *Brayton,* 40 S. C., 551, being cited by respondent's counsel to sustain his position.    In the first place, it is not strictly accurate to say that the order of Judge Townsend was granted upon motion of plaintiff's counsel, for although that fact is stated in the affidavit upon which the present motion is based, yet in that affidavit the order of Judge Townsend was referred to as a part of the affidavit, and a copy of such order was appended to the affidavit, which order reads as follows: "This action having been called for trial, and a jury empanelled, the plaintiff offered testimony in the form of a commission or deposition taken in New York. This was objected (to), and objection having been sustained, plaintiff's counsel announced that he would take a *warrant* ( ? ) (manifestly a mistake for a nonsuit), which was granted."    So that, as we infer, the statement made in the affidavit that the order of Judge Townsend was passed upon the motion of plaintiff's counsel, is based upon a misconstruction of the terms of that order.    For, as we construe the terms of the order, it amounted to nothing more than a permission to plaintiff's counsel to do what he had expressed a wish to do after his testimony had been ruled out—take a nonsuit.    It seems to us, therefore, that the real question in this case is whether a plaintiff, after finding that the testimony which he relies upon to establish his case has been ruled (incorrectly, as he believed,) to be incompetent, may not take a nonsuit, and then appeal from the judgment of nonsuit.    There can be no doubt that prior to the adoption of the Code of Procedure, this was frequently allowed, as may be seen by reference to the following cases: *State* v. *Davidson,* 1 Bail., 35, in an action on the official bond of a tax collector.    In *Caston* v. *Perry,* 1 Bail., 533, which was an action of trespass to try titles.    In *Bailey* v. *Jennings,* 1 Bail., 564, which was an action of trover.    In *Wiggins* v. *Hunter,* Harp., 80.    See, also, *Garrett* v. *Malone,* 8 Rich., 335, and *Aldrich* v. *Kirkland,* 8 Rich., 349.    It is true, the question which we are now called upon to decide was not

distinctly raised or decided in any one of the cases which we have cited, but that was probably because the question was regarded as too well settled to admit of dispute. No provision of the Code has been cited, and we are aware of none, which changes what seems to have been the well settled rule. Nor do we think that the case of *Reeves* v. *Brayton, supra,* cited and relied upon by counsel for respondent, is sufficient authority for a change in the rule. That case is not fully reported, and is found only in the "Notes of unreported cases," and it does not appear there, or in the original record, from which the published note of the case was taken, which we have examined, what was the ground upon which the matter there sought to be appealed from was held to be not appealable. But we do find that the order was granted "without prejudice to plaintiff's right to take such legal steps hereafter as he may be advised, no opinion beyond the point decided being intimated." There is certainly nothing to show that the Court decided that the matter was not appealable, because the plaintiff had asked for the nonsuit, which was granted. The rule which was acted upon in the cases cited above without question is, we think, better founded in reason. When a plaintiff, finding that the testimony upon which he relies to sustain his case is ruled (erroneously, as he believes,) to be incompetent, and for that reason submits to a nonsuit, with a view to appeal for the purpose of testing the question whether his testimony has been correctly ruled out, he cannot properly be regarded *as voluntarily* submitting to a nonsuit, but, on the contrary, he should be regarded as compelled to do so by what he regards an erroneous ruling as to the admissibility of his testimony. This is a very different question from that presented by an attempt to appeal from a *consent* order, which was always, both before and after the adoption of the Code of Procedure, held to be unappealable. See, also, *Allen* v. *Richardson,* 9 Rich. Eq., where Wardlaw, Ch., at page 56, says: "A consent decree is the mere agreement of the parties under the sanction of the Court, and is to be interpreted as an agreement." See, also,

*Jones & Parker* v. *Webb.,* 8 S. C., 202, where the same, doctrine is recognized.    Such a decree, or order, cannot be properly regarded as *a judgment* of the Court, but a mere agreement between the parties, which cannot be set aside except for fraud or mistake.    It is not, therefore, appealable. *Varn* v. *Varn,* 32 S. C., 77. · The first ground for this motion cannot, therefore, be sustained.

The second ground upon which the motion is based is because no "Case" with exceptions has been served within thirty days from the service of the notice of appeal.    It will be observed, however, that the notice is *not* that the plaintiff appeals from an order or judgment, but the language of the notice is "that the plaintiff *intends* to appeal from the judgment *to be entered* up in this Court"—meaning, of course, the Circuit Court.    Now, as it does not appear from the papers before us, that any such judgment has ever been entered up in the Circuit Court, it is difficult to conceive how the appellant could prepare his case with exceptions, inasmuch as such case should properly set forth the judgment, or at least state that it had been entered up, and what was its nature.    Otherwise, this Court could not know, officially, what it was called upon to review.    We do not think, therefore, that the appellant, under the facts appearing in this case, was in any default in not serving his "Case" with exceptions within thirty days after the service of his *notice of intention* to appeal from the judgment *to be entered up,* and which does not appear to have been yet entered.    The second ground upon which this motion is based cannot be sustained.

It is, therefore, ordered, that the motion to dismiss the appeal in this case be refused.