STEEDMAN v. SOUTH CAROLINA AND GEORGIA EXTENSION R. R. CO.

1. DAMAGES—ACTUAL—PUNITIVE.—Under a complaint alleging in one paragraph that an act was done carelessly, negligently, wilfully, &c.. and in another after reciting plaintiff's injuries, that they were caused by the wilful, &c., acts of defendant, plaintiff may recover actual and punitive damages.

2. ESTOPPEL—ATTORNEYS.—Appellant is not estopped by statement of counsel in trial that he had not alleged actual damages from maintaining on appeal that it was error in trial Judge to exclude that issue, it appearing that the issue was raised by the pleadings, evidence as to it offered by both sides, and defendant was not misled to his injury by the statement.

3. REPLY.—EVIDENCE in reply upon issue raised by plaintiff in chief is cumulative, and its admission is within discretion of trial Judge.

Before DANTZLER, J., Kershaw, September, 1902. Reversed.

Action by J. Blake Steedman against South Carolina and Georgia Extension Railroad Co. From judgment for defendant, plaintiff appeals.

*Messrs Wm. D. Trantham* and *M. L. Smith,* for appellant. *Mr. Smith* cites: *Do the allegations support actual and punitive damages?* 61 S. C., 170; 57 S. C., 228; 60 S. C., 48.

*Mr. Trantham* cites: *On same point:* 57 S. C., 228; 60 S. C., 48, 67; 62 S. C., 325; 61 S. C., 170; 65 S. C., 93; 65 S. C., 122, 222; 38 S. C., 485.

*Messrs. E. D. Blakeney* and *J. T. Hay,* contra. No argument furnished Reporter.

July 3, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought to recover for personal injuries alleged to have been sustained by plaintiff, while a passenger on one of defendant's freight trains, in consequence of defendant's improper management

of the train.    The verdict was for the defendant, and plaintiff appeals.

The main question involved in the exceptions is, whether the Circuit Judge erred in holding and instructing the jury that, under the allegations of the complaint, plaintiff could not recover actual damages, but his recovery, if any, should be limited to punitive damages.    As the determination of this question depends on the construction of the language of the third and fourth paragraphs of the complaint, it is necessary to set them out at length:

"III.    That at DeKalb, a station on defendant's road, between Camden and Westville, and in said county of Kershaw and State aforesaid, the train was stopped and the engine detached from the cars, for the purpose, as the plaintiff was informed and believes, of taking up cars from the siding at DeKalb, and in recoupling was, without notice or warning to the plaintiff, carelessly, negligently, recklessly, wilfully and wantonly run back against the train and the car in which the plaintiff was seated with great force and violence.

"IV.    That at the time the engine struck the train the plaintiff was occupying his seat on a bench on the side of the car, and about half way said bench, and the collision was of such force as to throw him forward in the car, and the engine being immediately reversed and started rapidly in the opposite direction, he was jerked backward and hurled with great violence out of the side door of the car and down flat on his back on the ground, his head striking against something, whether the door facing or something else he cannot say definitely, but he believes it was the former, and inflicting upon the plaintiff painful, serious and he believes permanent injuries about his head, neck and back, from which he suffered great pain, and still suffers constantly—all resulting and caused by the wilful, gross, reckless and wanton negligence of the defendant and its servants in backing said engine and reversing it in the manner aforesaid, to the damage of the plaintiff the sum of $2,000."

The third paragraph sets forth that one of defendant's engines and some cars attached to it were without notice or warning run back against the train and the car in which plaintiff was seated with great force and violence. This violent impact of the engine and other cars against the car of which the plaintiff was an occupant is the act which in the fourth paragraph plaintiff alleges caused his injuries, which are there recited. He had characterized this act in the third paragraph as having been done "carelessly, negligently, recklessly, wilfully and wantonly." Under numerous decisions of this Court, since the act of 1898, entitled "An act to regulate the practice in the Courts of this State in actions *ex delicto* for damages," these allegations would be sufficient to sustain a verdict for actual as well as punitive damages. *Proctor* v. *Ry. Co.,* 61 S. C., 185, 39 S. E., 345, and 64 S. C., 494; *Boggero* v. *Ry. Co.,* 64 S. C.,113.

It cannot be successfully contended that the insertion by the plaintiff in the fourth paragraph of the complaint, after the recital of his injuries, of the words, "all resulting from and caused by the wilful, gross, reckless and wanton negligence of the defendant and its servants in backing said engine and reversing it in the manner aforesaid," negatived the previous allegation that the act causing the injury was done carelessly and negligently, and so shut off any claim for actual damages. No doubt, before the act of 1898, the plaintiff could have been required to make his complaint more definite and certain, or to elect between punitive and actual damages. In a strict legal sense, allegations of ordinary negligence and carelessness implying mere inadvertence, are not consistent with wilfulness, which implies a purpose to do a wrong act with full appreciation of the legal wrong, nor with wantonness and recklessness, which imply a foolhardy disregard of right. Because of this inconsistency, the Courts of this State, prior to the act of 1898, held that the same act could not in a single cause of action be charged as both negligent and wilful, as a basis for the recovery of both actual and punitive damages. The effect of

the act of 1898 is to require that when the same act is described as negligent and as wilful, the pleading shall be treated and considered as if these two inconsistent statements had been made separately in setting out the two distinct causes of action.    For these reasons we think the complaint contained a sufficient statement of a cause of action for actual damages, and that the presiding Judge erred in charging the jury the plaintiff could not under the allegaitons of the complaint recover actual damages.

The defendant insists, however, that the plaintiff is himself responsible for any error the Court may have committed in this regard by admitting in open Court the complaint would not support a verdict for actual damages.    In the progress of the trial the following colloquy occurred: "Mr. Hay: We object to any evidence of actual damage in this case upon the ground that this complaint alleges a cause of action for punitive damage entirely. The Court: It looks that way.    Mr. Trantham: Have to prove some damages before we can prove punitive damages. The Court: Obliged to be some damage done, and the question then would be whether wilful or intentional or not.    I think the testimony competent."

A motion having been made for nonsuit, the subject was again referred to: "The Court: I think I will let the jury pass on the matter.    I understand the suit is for punitive, vindictive damage.    Mr. Trantham: And such actual damages as we have proved.    The Court: Do you allege any allegation of actual damages?    Mr. Trantham: No, sir. The Court: I think you are confined to punitive damages."

It cannot be denied that plaintiff's attorney stated to the Court the complaint did not contain any allegation of actual damages, yet he insisted throughout the case the plaintiff was entitled to recover such actual damages as he had proved.    The reasonable explanation is, that Mr. Trantham, in his answer to the Court as to the character of the complaint, meant that he had not specifically pleaded actual damages, but considered the complaint would sustain a re-

35—66

covery of such damages, under the act of 1898. It would be a very harsh rule to hold either client or counsel strictly bound by every remark made by counsel on the spur of the moment in the heat of combat, unless there is reason to suppose such remark or apparent concession was acted on by the other party to his prejudice. A careful examination of the record does not disclose that defendant omitted to defend against the claim for actual damages, on account of the remarks of Mr. Trantham. On the contrary, the defendant examined a number of witnesses who were present when the accident occurred and who undertook to give all the facts and circumstances connected with it. In addition to this, at the close of the testimony, defendant was fully advised by the plaintiff's fourth request to charge, that he claimed actual as well as punitive damages, and, if it had been misled, it then had the opportunity to apply to the Court for leave to offer additional testimony and argument. The third, fourth and fifth exceptions are sustained.

Inasmuch as we have found the complaint is sufficient to sustain a recovery for actual as well as punitive damages, for the reasons above stated, it is not necessary to consider the sixth exception, in which the position is taken that the use of the word *gross,* in the fourth paragraph of complaint, though in connection with the words *wilful, reckless* and *wanton,* would support a claim for compensatory damages.

After the plaintiff had offered evidence to prove that he received the injuries of which he complained by an act of defendant, particularly described in this complaint, the defendant undertook to show, by its witnesses, that the accident occurred from an entirely different act. Upon the reply the plaintiff attempted to introduce further evidence on this issue. Such evidence would have been cumulative, and we see no ground to hold that the Circuit Judge did not properly exercise his discretion in excluding it. The first and second exceptions are overruled.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and a new trial ordered.