Certain issues as to negligence, contributory negligence, assumption of risk and damage were agreed upon and approved by the court for submission to the jury. Pending the argument, the judge intimated what he would charge the jury upon a certain phase of the evidence. Whereupon the plaintiff took a nonsuit and appealed. (362)
We are of opinion that the nonsuit was unnecessarily and prematurely taken, and without legal grounds to justify it. The right to suffer nonsuit in an action like this at any time is undisputed. But the plaintiff can not appeal unless it appears that he was justified in it, or driven to it, by an adverse opinion of the court which would practically bar a recovery. An intimation of an opinion by the judge adverse to the *Page 268 
plaintiff upon some proposition of law, which does not "take the case from the jury" and which leaves open essential matters of fact still to be determined by them, will not justify the plaintiff in suffering a nonsuit and appealing. Such nonsuits are premature and the appeals will be dismissed.
We suggest, however, to the judges of the Superior Court that it is advisable to refrain from giving such intimations in advance, as to what they will charge the jury unless their opinions go to the "root of the case" and practically bar a recovery. Such intimations may tend to mislead the plaintiff and induce him to suffer a premature nonsuit. It is best to proceed to charge the jury and let all the alleged errors excepted to during the trial come up for review. If the plaintiff is permitted to take a nonsuit and appeal whenever an adverse ruling is made during the trial, not necessarily fatal to his case, it is possible the same case may be brought to this court for review repeatedly, and numerous and unnecessary trials had in the court below. It is best that the case be "tried out" and then, if an appeal is taken, all the alleged errors excepted to during the trial may be reviewed here.
(363) In this case the judge, after the conclusion of the first speech by the plaintiff's counsel, intimated that he would instruct the jury "that if they believed the evidence introduced by the defendant upon the question of the contract between Campen and the defendant company, they should find that Campen was an independent contractor, and that if they find this to be true, the plaintiff could not recover." Upon this the plaintiff took a nonsuit and appealed. In this the plaintiff was in error; he should have "gone to the jury" upon that disputed fact as well as upon the other important and material issues in the case. Then, if the verdict should be against him, all his rights would be preserved by exception, and the entire trial reviewed by this Court. There are facts and circumstances in evidence by the plaintiff, upon which he might well have contended before the jury that Campen was practically the agent of the defendant and employed by it for a guaranteed sum to manage its mill. If his Honor had held that in any view of the entire evidence Campen was an independent contractor, and that therefore he would instruct the jury to answer the first issue "no," the plaintiff would have been justified in submitting to a nonsuit and appealing. But even then it would have been the better practice to have had the jury pass on the other issues, in order that the final determination of the case may be expedited, and thereby save costs and expense to the litigants as well as unnecessary labor to the courts. *Page 269 
A verdict upon the other issues may have terminated the case without reference to Campen's status.
In Tiddy v. Harris, 101 N.C. 591, CHIEF JUSTICE SMITH states the rule as follows: "The practice has long prevailed that when the proofs are all in and the judge intimates an opinion that, under the old practice the plaintiff can not recover, or, under the new, fails to establish the issues necessary to his having judgment, he may suffer a nonsuit, and, by appeal, have the correctness of the ruling reviewed." To (364) the same effect are Gregory v. Forbes, 94 N.C. 221, and Crawley v. Woodfin, 78 N.C. 4.
In Davis v. Ely, 100 N.C. 286, CHIEF JUSTICE SMITH says: "It has been repeatedly held that appeals, fragmentary in their character, could not be allowed when the subject matter could be afterwards considered and any erroneous ruling corrected as well, without detriment to the appellant." In that case, however, under special circumstances the Court set aside the nonsuit and ordered a trial of the cause.
We have recently considered this question in Hayes v. R. R.,140 N.C. 131. In the disposition of that case, for the reasons given by MR. JUSTICE WALKER, and on account of the prejudicial action of the court below during the trial and before the case was submitted to the jury, we felt impelled to exercise our discretion and follow the precedent set inDavis v. Ely, supra, and set aside the nonsuit and direct that the trial upon the whole case be proceeded with. In the opinion in Hayes v. R. R., it is said: "In order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed (viz., to take a nonsuit and appeal) has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by the plaintiff. The plaintiff's right to take the course he did was challenged in this Court, because the ruling did not cover the whole case, but left him ground upon which a recovery could be had. But we do not find it necessary to resort to said rule of practice in order to dispose of this appeal, and we do not, therefore, decide that it warranted or did not warrant the action of the plaintiff."
In this case, the contention was strongly presented that the nonsuit was premature and unnecessary. Being of that opinion, it is ordered that the appeal be dismissed and judgment be
Affirmed.
Cited: Hoss v. Palmer, 150 N.C. 18; Teeter v. Mfg. Co., 151 N.C. 603. *Page 270 
(365)