C. C. HOSS v. HENRY PALMER.

(Filed 22 December, 1908.)

Appeal and Error—Premature—Nonsuit—Quantum of Damages.

A judgment as of nonsuit relates to the cause of action and not to the amount of damages; and when plaintiff takes a judgment of nonsuit and appeals, upon an intimation against his contention by the trial judge upon the quantum of damages the appeal will be dismissed.

ACTION tried before *Peebles, J.,* and a jury, at August Term, 1908, of CHEROKEE.

This action was brought to recover damages for the seduction of the plaintiff's daughter.

. Among other issues, the plaintiff tendered the following: "What punitive or exemplary damages, if any, is plaintiff entitled to recover?"

After the examination of plaintiff in his own behalf had progressed for a considerable time, plaintiff's counsel asked him a question bearing upon the said issue, which was objected to by the defendant and sustained by the court, upon the ground that punitive damages could not be awarded to the plaintiff under the form of his complaint. Plaintiff excepted. Plaintiff then asked to be allowed to amend his complaint. Being satisfied from plaintiff's testimony that defendant was not the first man who had had sexual intercourse with plaintiff's daughter, the

150—2

court, in the exercise of its discretion, declined to allow the amendment, and plaintiff excepted. In deference to the opinion of the court that the allegations contained in the complaint were not sufficient to allow a recovery of punitive damages, the plaintiff submitted to a nonsuit and appealed.

*Dillard & Bell* for plaintiff.
*E. B. Norvell, Ben Posey* and *J. D. Mallonee* for defendant.

WALKER, J. This case is governed by *Merrick v. Bedford,* 141 N. C., 504, as will appear by the following language of the court in that case: "We think, furthermore, that according to plaintiff's brief and argument the adverse ruling complained of related solely to the issue of damages and not to the cause of action, upon the establishment of which the right to recover damages depends. Under the ruling, the plaintiff would have recovered some damages, much more than nominal. Under the decisions of this court the plaintiff should have continued the trial, and, by noting exceptions properly, he would have been able to have this court review every ruling made in the court below. We think the nonsuit was voluntary, premature, improvidently taken, and that under our decisions an appeal from a nonsuit under such circumstances will not lie." In *Hayes v. Railroad,* 140 N. C., 131, we said that "in order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by the plaintiff." This case is not like *Davis v. Ely,* 100 N. C., 283, or *Hayes v. Railroad, supra,* which were decided upon special facts and circumstances. The ruling of the court upon the evidence and the right to recover punitive or exemplary damages under the allegations of the complaint did not affect the plaintiff's right to recover, but only the quantum of damages. The judgment of nonsuit relates to the cause of action, and not to the amount of damages. If the court decides erroneously as to the law for assessing the damages, the plaintiff can except and have the ruling reviewed here upon an appeal from the final determination. *Midgett v. Manufacturing Co.,* 140 N. C., 361. The plaintiff's cause of action was left intact

by the ruling of the court. A case could never be "tried out" or ended if, when an adverse ruling is made as to an item of damage, the plaintiff should be permitted to test its correctness in this court by a nonsuit and appeal.

The nonsuit was prematurely taken and, under the circumstances of this case, the appeal cannot be entertained.

We do not pass upon the question as to the competency of the testimony, for it may not again be presented, and certainly not in this case.

Appeal Dismissed.