8818

## SOUTHERN STATES PHOSPHATE CO. v. ARTHURS.

### (81 S. E. 663.)

APPEAL AND ERROR.   CONSENT JUDGMENT.   SALES OF FERTILIZERS.   EVIDENCE.

1. Defendant's consent to a verdict, after the Court had ruled that he could not introduce evidence in support of his defense, was not voluntary so as to deprive him of his right to review such ruling on appeal.

2. Under Civil Code 1912, sec. 2322, requiring every bag, barrel, or other package of fertilizers offered for sale or delivered after sale to have thereon a label or stamp setting forth the weight and chemical composition of its contents and the minimum percentage of specified ingredients guaranteed to be present, and a label giving the grade thereof, as high grade, low grade, or standard; and section 2329, providing that any vendor of commercial fertilizers whose goods shall fall short in commercial value guaranteed by the analysis appearing thereon when delivered shall be liable to the purchaser for the same per centum and selling price as the goods have fallen short, if fertilizers sold did not come up to weight and guaranteed analysis and were not actually delivered in kind according to contract, recitals, in a note for the purchase price as to the weight, that each sack bore the guaranteed analysis and inspector's tag, and in all respects complied with the law, and that the seller had neither impliedly nor expressly warranted the effects thereof on crops and an agreement therein that the buyer could not hold the seller responsible for practical results, were attempts to dispense with the statutory requirements and void, and did not preclude parol evidence of the noncompliance with statute.

Before GAGE, J., Aiken, October, 1913.   Reversed.

Action by the Southern States Phosphate Company against John T. Arthurs.   From a judgment for plaintiff, defendant appeals.   The facts are stated in the opinion.

*Messrs. G. L. Toole & Son,* for appellant.

*Messrs. Gunter & Gyles,* for respondent.

April 22, 1914.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action on a promissory note, executed by the defendant on the 23d of March, 1908, a copy of which is as follows: "$198.00. On the first day of October next, fixed, I promise to pay to the Southern States Phosphate and Fertilizer Co., or bearer, one 'hundred and ninety-eight and 00-100 dollars. This note was given for value received in fertilizers furnished by said company, being for (90) ninety sacks of 200 pounds each, known as 10 sx acid 8x4, 10 kainit, 20 high grade and 50 sx standard. * * * I hereby acknowledge that at the time of delivery to me, each sack of this fertilizer bore the manufacturer's guaranteed analysis of its contents, and also the inspector's tag, and that in all respects, the laws of the State have been complied with; and that the sellers of these fertilizers, have neither impliedly nor expressly warranted the effects of them on crops, and I therefore agree, that I cannot hold the said Southern States Phosphate and Fertilizer Co. responsible in any way for practical results."

The defendant denied the allegations of the complaint and set up the following as a defense: "The defendant alleges that he did not receive valuable consideration for the note given which was for fertilizers, and that the said fertilizers, bought, did not come up to weight and guaranteed analysis, and were not actually delivered in kind, according to contract, and that he therefore puts in a counterclaim for damages in the sum of $100."

His Honor, the presiding Judge, practically ruled that the defendant did not have the right to introduce testimony to sustain the defense interposed by him, on the ground that it would be in violation of the rule that a written instrument cannot be varied or contradicted by parol evidence. The appellant's attorneys thereupon

announced that they would consent to a verdict, for the purpose of appealing to the Supreme Court from said ruling.

The case of *Publishing Co.* v. *Gibbes,* 59 S. C. 215, 37 S. E. 753, shows that consenting to a verdict under such circumstances is not to be regarded as voluntary, so as to deprive the defendant of his right to review said ruling on appeal.

The contract herein must be construed in connection with chapter 34, art. I, Code of Laws, 1912. Section 2322 thereof is as follows: "Every bag, barrel or other package of such fertilizers of commercial manures as above designated, offered or exposed for sale or delivered after sale in this State, shall have thereon a plainly printed label or stamp the letters and figures of which shall not be less than one inch in length, which shall truly set forth the name, location and trade-mark of the manufacturer, the number of pounds weight in such bag, barrel or package, also the chemical composition of the contents of said package and the minimum percentage only of any of the following ingredients guaranteed to be present, to wit, available phosphoric acid, nitrogen and its equivalent ammonia, the potash soluble in water; and on the opposite side or end, as the case may be, of every such bag, barrel or other package, there shall be another plainly printed label or stamp as a brand in Roman letters, the letters to be not less than two inches in length, giving the grade of each such package, according to the following schedule, that is to say, each package to be labeled 'High Grade,' 'Low Grade,' or 'Standard,' according to the following classifications: * * *" Section 2329 thereof contains these provisions: That "any vender of commercial fertilizers, manures or cottonseed meal whose goods or wares shall fall short in commercial value guaranteed by the analysis appearing on sack, bag or vessel holding the same when delivered to the purchaser, shall be liable to the purchaser for the same per centum, and selling price as the goods have fallen short in per centum of the

commercial value found upon analysis made of the goods: *Provided,* That if the fertilizer, fertilizing material falls short ten per cent. of the commercial value guaranteed by the analysis appearing on the sack, bag or vessel holding the same when delivered to the purchaser, that then the seller shall be liable to the purchaser for one-third of the selling value thereof, which amount is to be deducted from the amount of the buyer's indebtedness; and if the buyer has paid for the said goods, then the buyer can collect the same from the seller by due process of law."

The statute provides penalties for the violation of said sections.

If there was failure to comply with the statutory requirements, in the manner set forth in the defense interposed by the defendant, then a recital in the note to the contrary would be construed as an attempt to dispense with the statutory requirements, and therefore null and void, on the ground of public policy. This is clearly shown by Associate Justice (afterwards Chief Justice) McIver, who delivered the opinion of the Court in the case of *McConnell* v. *Kitchens,* 20 S. C. 430, 47 Am. Rep. 845, in which similar statutes were under consideration. That decision is conclusive of the question under consideration.

Judgment reversed.

MESSRS. JUSTICES WATTS and FRASER concur. MR. JUSTICE HYDRICK, dissents.

MR. JUSTICE GAGE did not sit in this case.