15217

HALLMAN v. CUSHMAN *ET AL.*

(13 S. E. (2d), 498)

404

*Messrs. Hendersons & Salley,* for appellants, 

*Messrs. Williams & Busbee,* for respondent, 

February 24, 1941.

The opinion of the Court was delivered by MR. CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE.

This action was originally instituted against Aiken Petroleum Company, a corporation, but during its pendency the corporation's charter was surrendered, and the cause was continued against the defendants above named as trustees in liquidation. The complaint alleges that the plaintiff sustained injuries to his person and to his automobile on December 17, 1938, resulting from a collision with a motor truck of the Aiken Petroleum Company while the same was being operated by its agent and servant; it being alleged that the motor truck was driven into the rear of plaintiff's automobile, and that the plaintiff is entitled to damages, both actual and punitive, in the sum of $2,500.00, by reason of the negligence and willfulness of the driver of the motor truck in certain specified particulars. The answer was a general denial.

The cause came on for trial before Hon. J. Henry Johnson presiding Judge, and a jury, at the January, 1940, term of the Court of Common Pleas for Aiken County. There was testimony tending to support the allegations of the complaint, while on the other hand there was testimony in behalf of defendants to the effect that the motor truck was in fact not even involved in the alleged collision. There was no motion for a nonsuit or for a directed verdict, and the cause

was submitted to the jury, which returned a verdict in favor of plaintiff for $50.00 actual damages and $800.00 punitive damages. A motion for a new trial was made by the defendants, which after due consideration was overruled by Judge Johnson, except that the verdict for punitive damages was reduced to $500.00; that is to say, a new trial was ordered unless the plaintiff should remit the sum of $300.00 of the amount awarded as punitive damages; and plaintiff did so remit the same. Hence, upon the verdict in its final form as $50.00 actual damages and $500.00 punitive damages judgment was entered in favor of the plaintiff. Whereupon the cause was brought to this Court upon two exceptions which really raise the single ultimate question as to whether or not the presiding Judge committed prejudicial error in a certain specific portion of his charge. Counsel have therefore eliminated from the record all matters extraneous to this question, and we commend them for so doing.

The specific portion of the charge of the presiding Judge involved in this appeal is as follows:

"Now, there is also a section of the Code, which I will charge you—Section 1638: 'Every person driving a motor vehicle which strikes or hits any person or another vehicle shall stop such motor vehicle at once and render such assistance as he or she can, and shall, upon request, give his or her name and post office address and the license of his motor vehicle. Any person violating the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not more than five hundred dollars or imprisoned not more than one year or both.'

"Now, in that connection, gentlemen, I charge you this, that there is no evidence in this case that any failure to stop and render any assistance caused any injury to the plaintiff in any event, in this case, but I charge you that section of the Code, because the Legislature has passed such an act and I charge it to you in connection with the alleged charge of willfulness, wantonness and recklessness in this case.

"In other words, I charge you that, if the plaintiff has satisfied you by the greater weight of the evidence that some agent, servant or employee of the defendants in this case did have a collision with him on the occasion in question and you notice, gentlemen, I say, if, and I underscore all of the ifs, I give to you in this case. I don't know and I don't mean to intimate to you at any time, and that is why I say if, and I say, if the evidence has satisfied you by the greater weight or preponderance thereof, that there was a vehicle driven by plaintiff and one driven by some agent, servant or employee of the defendants, then you would have a right to consider the question of failing to stop and render such assistance, if there was such a failure, on the question of whether or not the vehicle was being operated in a willful and wanton manner."

It is contended by the appellants in and by their first exception "that the presiding Judge having definitely and correctly charged the jury" that there was no evidence in the case that any failure to stop and render assistance "caused any injury to the plaintiff in any event," it was error for him to read as a part of his charge Section 1638, Code 1932, and to comment upon it as he did; in that, punitive damages may not be allowed unless the alleged reckless, willful or wanton act of the defendant is a proximate cause of some injury to the plaintiff, although one might be prosecuted criminally for a violation of the section in question; the same being sometimes referred to in the argument of counsel as the "stop and render assistance" statute, and which is also often called the "hit and run" statute.

It is true that a cause of action for punitive damages and a cause of action for actual damages are logically and technically separate and distinct, although they may be pleaded together under the statute frequently termed the "jumbling act." Code 1932, § 484. And it is also true that punitive damages cannot be recovered in the absence of actionable willfulness, that is to say, willfulness operating as a proximate cause of some injury to the plaintiff. But we

do not construe the charge of the trial Judge to declare that punitive damages might be awarded to the plaintiff in the absence of actionable willfulness. On the contrary, it is quite apparent that among the issues submitted to the jury by the Court was whether the motor truck was at the time of the alleged collision being operated in a willful and wanton manner, proximately causing the collision and the resulting damages. Obviously no violation of the "stop and render assistance" statute could have occurred until after the collision, and hence could not be deemed a cause of the collision itself, proximate or otherwise; but it is elementary that the conduct of the driver of the motor truck immediately before and immediately after the alleged collision was relevant and competent; and likewise any violation of the statute was relevant and competent to use the language of Judge Johnson, on the question of whether or not the vehicle was being operated in a willful and wanton manner.

In the case of *Crawford v. Simons-Mayrant Co.*, 141 S. C., 333, 139 S. E., 788, 792, an automobile case decided before the statute under consideration was enacted, the Court said: "Granting that there is no statute of the state nor ordinance of the City of Charleston requiring the driver of an automobile or truck to stop after striking a person in the streets of Charleston, such conduct, nevertheless, may be, as in this case, a circumstance to be considered by the jury, along with other testimony as to what took place at the time of the occurrence."

It is indeed manifest that subsequent conduct may tend to throw light upon the immediate occurrence under investigation, especially where mental attitudes are important, such as a conscious failure to observe due care, and the like.

The second exception of the appellants is to the effect that in a case sounding largely in punitive damages the Court was in error, even if it was proper for him to refer to Section 1638 at all, in singling out "this particular alleged element of willfulness and wantonness," to wit, the alleged failure to stop and render assistance, and hence that a

charge thereabout amounted to a charge on the facts, having a harmful effect upon the jury and accounting for the large verdict of punitive damages. But it appears to us that the trial Judge exercised unusual care to avoid the slightest intimation of any opinion on the facts of the case. Nor did he single out the matter in question or inject it into the case. The complaint expressly alleges as one of its specifications of actionable negligence and willfulness "that the driver of defendant's motor truck collided with plaintiff's automobile, and failed to stop and offer assistance to the plaintiff but continued on his way, in violation of the statute law of the State." It was, therefore, the duty of the Court to charge the jury with reference to this matter, and the presiding Judge charged, favorably to defendants, that there was no evidence that any violation of the statute caused any injury to the plaintiff in any event, in this case, but further charged that if the evidence did show a violation thereof the same would be competent upon the question of whether or not the motor truck was being operated in a willful and wanton manner, but there was no intimation by the Court as to the weight or probative value of such evidence. The Court's charge in this respect was directly responsive to the pleadings and was, we think, without error prejudicial to the defendants; and the issues of both actual and punitive damages were clearly for the jury. Indeed, the defendants made no motion to take from the jury the issues of punitive damages; nor could such a motion have been granted, even if the "stop and render assistance" statute had not been involved.

Moreover, a careful review of the testimony as contained in the record convinces us that the charge of Judge Johnson to the effect that there was no evidence that any failure to stop and render assistance caused any injury to the plaintiff was really too favorable to the defendants for it seems to us that the evidence was sufficient to warrant the submission to the jury of the issue of whether the failure to stop and render assistance, if there was such, increased the plaintiff's pain and suffering, thus tending to

enhance his actual damages. We quote the following from the testimony of the plaintiff himself:

"The motor truck did not stop in order that the driver might render assistance to me, but continued on down the road at a high rate of speed, although I blew my horn to attract the driver's attention after I was hit.

* * * * *

"In the collision, I sustained serious personal injuries. I was thrown against some part of my automobile with great violence, suffering shock to my entire physical and nervous system, my·back was severely sprained and bruised in the region of my kidneys, my face and nose bruised and wounded, causing me to lose lots of blood. I managed to walk from the scene of the collision to the nearby house of Mrs. Cook. Her two sons, Claude and Howard, were at home. They put me to bed, and went for Robert T. Anderson, who came and carried me to the doctor."

And Claude M. Cook, a witness for the plaintiff, also testified as follows: "Hallman came to witness' house walking stooped over, with his nose bleeding, and he had a bloody handkerchief in his hand. Witness put him to bed and got Robert Anderson later to take him to the doctor."

Howard Cook, another witness for the plaintiff, said: "Witness did not hear any noise at the bridge, but shortly after that Hallman came up, evidently in great pain, stooped over, with his nose bleeding. He was put to bed and later Mr. Anderson took him to the doctor."

It is not necessary, however, to go further into this phase of the matter, as this is merely incidental; but it may be observed that it is well settled that a party cannot complain of an instruction more favorable to him than that to which he is entitled. *Stephens v. Long & Bellamy,* 92 S. C., 65, 75 S. E., 530; *Jones v. Atlantic Coast Line R. Co.,* 108 S. C., 217, 94 S. E., 490; *Loveland v. Collins,* 109 S. C., 294, 96 S. E., 124; *Dozier v. Charleston Consolidated Ry. & Lighting Co.,* 133 S. C., 335, 131 S. E., 592.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice J. Strom Thurmond concur.