## 16306

ALLEN v. ATLANTA & CHARLOTTE AIR LINE RY. CO. *ET AL.*

(57 S. E. (2d) 249)

*Mr. Robert A. Martin,* of Greenville, *for Appellant,*

*Messrs. P. A. Bonham,* of Greenville, *and Frank G. Tompkins, Jr.,* of Columbia, *for respondents,*

January 10, 1950.

TAYLOR, Justice.

There is substituted for the majority opinion heretofore filed in this case the following opinion which merely tends to strengthen the former majority opinion which will be withdrawn from the files of the Court.

This action, for recovery of damages, actual and punitive, for alleged destruction of appellant's automobile at a public highway crossing at or near Parris Station as a result of being struck by one of respondent's trains, was tried at the January, 1949, term of Common Pleas Court for Greenville County, before Honorable Joseph R. Moss and a jury. At the conclusion of the testimony the attorney for respondents

moved for a direction of verdict as to punitive damages. The trial Judge, upon a consideration of the testimony, reached the conclusion that it was not such as to warrant a verdict in favor of appellant for punitive damages, and indicated his intention to direct a verdict as to same, whereupon the attorney for the appellant took a voluntary nonsuit.

It is appropriate at this point to incorporate verbatim, what transpired as to this matter:

"The Court: * * * I am going to direct a verdict as to punitive damages.

"Mr. Martin: I will take a nonsuit as to actual damages and I will take it to the Supreme Court. I submit a man lost a car there worth $1,500.00.

"The Court: All right, if you wish to do that it is satisfactory to the Court. I don't see any willfulness in the case and seeing it that way it is my duty to do so. I don't see any evidence of the failure of the operators of this engine and railroad cars to perform their duty toward the Plaintiff. Feeling that way about it, I feel it is my duty to direct a verdict as to punitive damages and I am going to do so.

"Mr Bonham: I move for a directed verdict for the whole case; just for the record.

"The Court: I refuse it as to the negligence part of the case. Mr. Martin, do you want to take a nonsuit?

"Mr. Martin: Yes, I will take a nonsuit as to the damages.

"The Court: I grant your motion for a voluntary nonsuit."

The appellant's only exception upon this appeal is that the trial Judge erred in directing a verdict as to punitive damages.

The respondent made a motion to dismiss the appeal substantially upon the grounds that when the plaintiff took a voluntary nonsuit as to actual damages, he (1) completely

terminated his cause of action; (2) his action in taking a voluntary nonsuit was premature and improvident, from which an appeal does not lie; and (3) that the ruling of the Court applied only to the quantum of damages and did not affect plaintiff's cause of action or his right to recover actual damages.

The respondents contend that appellant's action in taking a voluntary nonsuit was premature, improvident and unnecessary, in that his rights would have been preserved and completely protected by submission to the jury of the question of actual damages, and, in the event he recovered actual damages, by appealing to this court from the directed verdict as to punitive damages. With this position we are in accord. It is fundamental that a voluntary dismissal or nonsuit brings about the same situation or result as if no suit had been brought. 27 C. J. S., Dismissal & Nonsuit, § 39, page 197. It is likewise the general rule that an appeal will not lie at the instance of a plaintiff who has taken a voluntary nonsuit. 4 C. J. S. Appeal and Error, § 121, page 239. There is an exception to this rule that, where the ruling of the court is such as to decide all issues against the plaintiff, the latter, with the view of appealing to test the ruling, may submit to a nonsuit, which, under such circumstances, will not be regarded as voluntary. This principle is well illustrated by the cases of *Marlboro Cotton Mills v. O'Neal*, 114 S. C. 459, 103 S. E. 781; *Southern States Phosphate Co. v. Arthurs*, 97 S. C. 358, 81 S. E. 663; and *American Publishing Engraving Company v. Gibbs*, 59 S. C. 215, 37 S. E. 753. The ruling in question in each instance affected all issues in the case, and rendered it impracticable for the plaintiff to recover or the defendant to prevail, by ruling a defense not maintainable or excluding the testimony, which was the basis of the cause of action or defense.

The precise question involved in this appeal does not appear to have been heretofore decided by this court, but the rule laid down by the Supreme Court of North Carolina on this point commends itself to us as being logical and reasonable. It is succinctly set forth in *Hoss v. Palmer,* 150 N. C. 17, 63 S. E. 171, 172, as follows:

"This case is governed by *Merrick v. Bedford,* 141 N. C. 504, 54 S. E. 415, as will appear by the following language of the court in that case: 'We think, furthermore, that, according to plaintiff's brief and argument, the adverse ruling complained of related solely to the issue of damages, and not to the cause of action, upon the establishment of which the right to recover damages depends. Under the ruling the plaintiff would have recovered some damages much more than nominal. Under the decisions of this court the plaintiff should have continued the trial, and by noting exceptions properly he would have been able to have this court review every ruling made in the court below. We think the nonsuit was voluntary, premature, improvidently taken, and that under our decisions an appeal from a nonsuit under such circumstances will not lie.' In *Hayes v. [Atlanta & C. Air Line] Railroad,* 140 N. C. 131, 52 S. E. 416, we said that, 'in order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by the plaintiff.' This case is not like *Davis v. Ely,* 100 N. C. 283, 5 S. E. 239, or *Hayes v. [Atlanta C. Air Line] Railroad, supra,* which were decided upon special facts and circumstances. The ruling of the court upon the evidence, and the right to recover punitive or exemplary damages under the allegations of the complaint, did not affect the plaintiff's right to recover, but only the quantum of damages. The judgment of nonsuit relates to the cause of action, and not to the amount of damages. If the court decides erroneously as to the law for assessing the damages, the plaintiff can except and have the ruling reviewed here upon an appeal

from the final determination. *Midgett v. [Branning] Manufacturing Co.,* 140 N. C. 361, 53 S. E. 178. The plaintiff's cause of action was left intact by the ruling of the court. A case could never be 'tried out' or ended if, when an adverse ruling is made as to an item of damages, the plaintiff should be permitted to test its correctness in this court by a nonsuit and appeal.

"The nonsuit was prematurely taken, and, under the circumstances of this case, the appeal cannot be entertained."

It is not seen wherein the appellant could have been prejudiced by the ruling of the court in this case had he permitted the case to be submitted to the jury on the question of actual damages, and, in the event of recovery of such damages, appealed from the ruling directing verdict as to punitive damages. He would have thus adequately preserved his right to recover both kinds of damages.

This proceeding would seem to be suggested by the decision of this Court in *Fisher v. J. H. Sheridan Co.,* 182 S. C. 316, 189 S. E. 356, 108 A. L. R. 981, where the trial Judge committed error in refusing to charge the jury that a traffic statute applied, from the consideration of which the jury might have found punitive damages. The plaintiff in that case, who was appellant, had a verdict for damages and appealed. The court said that the right of appeal could be accorded as an exception to the general rule, and applies in cases where the verdict is favorable to a party, but does not give him all he is entitled to or is otherwise prejudicial to his legal rights. It was suggested that the aggrieved party should present such question to the trial court, in the first instance, by a motion for a new trial or other proper move, and an appeal should be taken from the refusal to set aside or correct the verdict. A new trial in that case was ordered because of the error in failing to submit to the jury the question of violation of the statute in question, which was relied upon by the plaintiff.

There is no appeal from the order of nonsuit as to actual damages. The action of appellant in taking a nonsuit as to such damages was wholly voluntary. It was not necessary as a result of the ruling as to punitive damages. If this Court should hold there was error in the ruling as to punitive damages in directing a verdict as to such damages, and that the ruling was appealable, we could only reverse as to that ruling, which is the only matter from which there is an appeal pending. This would leave the case without a cause of action for actual damages. Therefore, appellant would have no cause of action pending for actual damages; and since his right to recover punitive damages would be dependent upon the recovery of actual damages, there would be nothing in the lower Court upon which appellant could proceed. While the cause of action for punitive damages under our decisions may be an independent cause of action, it is nevertheless a dependent cause of action in the aspect of the matter that such damages can only be recovered where there is a verdict for actual damages, in a case of this kind.

We are of the opinion that the ruling of the trial judge in directing a verdict as to punitive damages affected only the quantum of damages and did not affect appellant's right to recover actual damages; that the action of appellant in taking a voluntary nonsuit terminated and ended his cause of action, and left nothing upon which to appeal, and that an appeal does not lie to this Court from the ruling directing a verdict as to punitive damages, followed by the taking of a voluntary nonsuit as to the cause of action for actual damages.

It, therefore, follows from the foregoing that the propriety of the Court's ruling as to punitive damages is not before us for consideration, the appeal should be dismissed, and it is so ordered.

BAKER, C. J., and FISHBURNE, J., concur.

STUKES and OXNER, JJ., dissent.

STUKES, Justice (dissenting).

I regret that I have a different view of this case from that expressed in the opinion by Mr. Justice Taylor. I would consider the appeal on its merits rather than dismiss it, and dispose of it as will be indicated.

It has long been established in this jurisdiction that in the case of a tort two causes of action may arise, one for actual damages on account of the negligence of the defendant and another and independent cause of action for punitive damages if the tortious act of the defendant was accompanied by wilfulness or recklessness. This state of the law occasioned the enactment in 1898 (22 Stat. 693) of what is now section 484 of the Code of 1942, commonly called the "jumbling" statute, in part as follows:

"In all actions *ex delicto* in which vindictive, punitive or exemplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instruction of the court."

Prior to this enactment a plaintiff could not combine the causes of action and if he stated them separately in his complaint he could be required to elect one of the causes upon which to proceed to trial. *Glover v. Charleston, etc., Ry. Co.,* 57 S. C. 228, 234, 35 S. E. 510; *Steedman v. South Carolina, etc., R. Co.,* 66 S. C. 542, 45 S. E. 84, 85; *Greer v. Western Union Tel. Co.,* 105 S. C. 147, 89 S. E. 782; and *Hallman v. Cushman,* 196 S. C. 402, 13 S. E. (2d) 498. This is made clear by the words of Mr. Justice Woods, author of the opinion in the *Steedman Case, supra,* 66 S. C. at pages 544, 545, 45 S. E. at page 85: "No doubt, before the act of 1898, the plaintiff could have been required to make his complaint more definite and certain, or to elect between punitive and actual damages. In a strict legal sense, allega-

tions of ordinary negligence and carelessness, implying mere inadvertence, are not consistent with willfulness, which implies a purpose to do a wrong act with full appreciation of the legal wrong, nor with wantonness and recklessness, which imply a foolhardy disregard of right. Because of this inconsistency, the courts of this state, prior to the act of 1898, held that the same act could not in a single cause of action be charged as both negligent and willful, as a basis for the recovery of both actual and punitive damages. The effect of the act of 1898 is to require that, when the same act is described as negligent and as willful, the pleading shall be treated and considered as if these two inconsistent statements had been made separately in setting out the two distinct causes of action."

In the action in hand plaintiff followed the cited statute and mingled his alleged causes of action for actual and punitive damages. Punitive damages do not constitute merely an element of damages under our law, above set forth, and this, I think, is a mistaken premise of respondents. The decisions from other jurisdictions which are relied upon in argument and that cited by Mr. Justice Taylor are not apposite because in those jurisdictions separate causes of action for actual damages and for punitive damages from the same wrong do not exist; punitive damages are there merely in aggravation and increase of actual damages, which appears to also be the general rule elsewhere. 15 Am. Jur. 701.

Consideration of the evidence in the instant case in accord with the applicable rule that it and all reasonable inferences therefrom should be viewed most favorably to plaintiff, convinces me that the trial judge erred when he directed a verdict against the plaintiff with respect to punitive damages, which I understand is the view of at least a majority of the court. In this situation the allegations and evidence of wilfulness and recklessness need not be now stated. The nonsuit upon the cause of action for actual damages for which plaintiff thereafter applied cannot fairly be deemed a voluntary nonsuit because it was induced by the error of

the court, for which reason I think the appeal should be entertained and sustained. *Marlboro Cotton Mills v. O'Neal,* 114 S. C. 459, 103 S. E. 781, and cases cited.

There is another potent reason for reversal and new trial. When the court directed verdict against punitive damages he, in effect, held that the evidence failed to establish, as a matter of law, willfulness, wantonness and recklessness and the error was of prejudicial influence upon plaintiff's remaining cause of action for actual damages, under which handicap he should not be forced to trial. The answer pleaded contributory negligence and contributory wilfulness, etc., in response to the corresponding allegations of the complaint. It is well established that contributory negligence is not a defense to wilfulness, wantonness or recklessness and a plaintiff may recover upon allegation and proof of wilfulness, etc. although the jury find him to be guilty of simple contributory negligence. A pertinent authority on this point is *Key v. Charleston & W. C. R. Co.,* 144 S. C. 164, 142 S. E. 336, which was reversed for new trial on both actual and punitive damages where the jury found for defendant after the trial court had erroneously directed verdict against punitive damages. It was tersely said in the opinion : "When the only issue before the jury was the negligence of the defendant, and when any wilfulness on its part could not be considered, the wilful contributory negligence of the deceased, or his ordinary contributory negligence, if established, was a complete defense to the defendant. If the jury could have decided that the defendant was wilful, even the ordinary contributory negligence of the deceased, though completely shown, was not a defense."

I further think that the case of *Fisher v. Sheridan Co.,* 182 S. C. 316, 189 S. E. 356, 108 A. L. R. 981, is authority for the conclusion I suggest, rather than otherwise. The trial judge there made recovery of punitive damages impossible by mistakenly holding inapplicable a statute which was violated by the defendant. Appeal was taken by plaintiff after recovery of verdict for actual damages. The court said : "A

new trial must be had in this case on all issues for the reason that there is no other way to determine what the effect, if any, upon the verdict of the jury was in this case because of the holding by the court below on this question, which was a material issue, based upon the allegations of the complaint, and arising under the evidence. *Key v. Charleston R. Co.,* 144 S. C. 164, 142 S. E. 336. *Johnson v. American Express Co.,* 163 S. C. 191, 161 S. E. 473."

It seems to me that the case in hand should fall within our line of decisions of which *Marlboro Cotton Mills v. O'Neal,* 114 S. C. 459, 103 S. E. 781, is the last, cited *supra* and in the opinion of Mr. Justice Taylor, and should be considered an exception to the rule of non-appealability of orders of voluntary nonsuit for the simple reason that the nonsuit was not truly voluntary. Such exception is well established in several jurisdictions although it is not the majority rule, as is seen by reference to 2 Am. Jur. 898, sec. 82, and the annotation in 9 Ann. Cas. 631. However, it exists in North Carolina which makes inappropriate reliance by respondents upon their decision of *Hoss v. Palmer,* 150 N. C. 17, 63 S. E. 171, which I think is entirely reconcilable, as will be hereinafter shown. That North Carolina permits appeal after an order of voluntary nonsuit when there is a ruling of the trial court which strikes at the heart of the case and precludes recovery by plaintiff was expressly recognized in *Kelly v. Great A. & P. Tea Co.,* 4 Cir., 1936, 86 F. (2d) 296, opinion by Judge Parker. Thus that State is in accord with ours in this respect. It is not the federal practice, which however is not binding upon the State courts and is correspondingly independent of them in this matter of appellate procedure. Our rule should not, of course, extend to every adverse ruling in the conduct of a trial because, as pointed out in the leading federal case of *Francisco v. Chicago & Alton R. Co.,* 8 Cir., 149 F. 354, 9 Ann. Cas. 628, trial might be disrupted unnecessarily and litigation extended improperly. See, also, *Agnew v. Adams,* 24 S. C. 86.

Reverting to the North Carolina decision of *Hoss v. Palmer,* the plaintiff there omitted from his complaint allegations for the recovery of punitive damages and sought to amend during trial, which the court refused in the exercise of its discretion. Thereupon plaintiff submitted to nonsuit and appealed. This the appellate court held was untimely and said, quoting from the opinion: "Under the circumstances of this case, the appeal cannot be entertained." Quoting further from the opinion, it should be said that involved in our case is not a "trivial interlocutory decision," to which the North Carolina court refers. Nor can it be said that it "did not affect plaintiff's right to recover", because it took one of plaintiff's causes of action completely from him and also vitally affected his right to recover actual damages.

Rather, it seems to me, our case is closer to, but would not go as far as, the North Carolina decision of *Hayes v. Atlanta & C. A. L. R. Co.,* 140 N. C. 131, 52 S. E. 416, referred to in the opinion in the *Hoss case.* There the trial court ruled out a substantial element of alleged negligence, whereupon plaintiff took a nonsuit and appealed. The Supreme Court remanded for new trial upon the stated ground that the ruling was calculated to embarass and handicap plaintiff in the development of his case which necessarily prejudiced him. The court carefully pointed out that the rejected item of negligence did not constitute a separate cause of action, which makes our case stronger for reversal because undoubtedly the attempted recovery of punitive damages here constitutes a separate cause of action, jumbled under our statute with the cause of action for actual damages.

The pertinent, controlling difference between the law of North Carolina and that of this State is that here the right to recovery of punitive damages is a separate cause of action, which is indisputably shown by the authorities first cited in this opinion. Had this factor been present in the *Hoss case* the result would doubtless have been different in view of the practice in that State to permit appeal after nonsuit, induced by conclusive error of the court. Moreover, the right

to punitive damages was not even alleged in the complaint in the *Hoss case* so the result of it would have been the same here, had it arisen in our court, because, under those circumstances, a cause of action for punitive damages would not have been before the court. I think that, in this light, there is complete reconciliation of the *Hoss case* with the relevant rule of that State and this, keeping in mind that the right to punitive damages constitutes a separate cause of action here, and there it does not.

Practically, the course pursued by plaintiff's counsel in this case is preferable for all concerned. Witness the loss of time and effort of the court, parties, counsel and witnesses in the futile completion of the first trials in *Key v. Charleston Ry. Co.,* and *Fisher v. Sheridan, supra.* They had to be gone all over again whereas in this case that waste of time and effort may be avoided. Courts should be as practical as is consistent with protection of the rights of litigants.

For the reasons stated I would reverse the order of the trial judge and remand the case for new trial generally.

OXNER, J., concurs.