TRIBBLE v. POORE.

1. Rule I. of this court requires the return to be filed within forty days after the record constituting the return has been completed; and rule II. declares that the return shall consist of judgment roll, notice of appeal, and exceptions. The "Case" prepared for the appeal is no part of the judgment roll and therefore no part of the return.

2. Where more than 40 days had expired since the completion of the record constituting the return, the clerk properly dismissed the appeal on application to him under rule I., notwithstanding the "Case" for the appeal had not been settled for that length of time.

3. Judgment in the Circuit Court cannot be entered while a motion for new trial on case and exceptions is pending.

4. The "Case" required by section 302 of the Code to form a part of the

[1]This completes the cases of November Term, 1887.—REPORTER.

judgment roll is the case prepared on an application to the Circuit Court for a new trial, and not the "Case" for appeal.

5. Rule 49 of the Circuit Court does not refer to the judgment roll nor to what papers shall constitute it.

6. But the appeal having been taken in good faith and appellant having, in common with many others, honestly misconstrued this rule of court, he is entitled under the law to have his appeal reinstated. His failure before the 40 days expired to give notice of a motion to have his time for filing the return extended, does not prevent this court from granting such relief afterwards.

7. The order of the clerk dismissing the appeal was not *res judicata*, nor does it prevent this court from restoring the cause to the docket. This case distinguished from *Clark Bros.* v. *Wimberly*, 24 *S. C.*, 138.

This was a motion made in this court to restore to the docket an appeal which had been dismissed by the clerk under rule I.

*Messrs. Graydon & Graydon*, for the motion.

*Mr. Eugene B. Gary*, contra.

May 14, 1888. The following opinion was delivered

PER CURIAM. This is a motion to reinstate an appeal dismissed by the clerk for failure to file the return within the prescribed time. The motion is made upon two grounds: 1st. That the clerk erred in dismissing the appeal, inasmuch as the return was, in fact, filed within the prescribed time after the record constituting said return had been completed. 2nd. That if the appellant is in error in supposing that the "Case" as prepared for argument in this court, was a necessary part of the record constituting the return, such error was the result of an honest mistake, and he, therefore, asks relief under the provisions of the second section of the act of 1880 (17 *Stat.*, 368), now incorporated in the Code of 1882 as section 349.

There does not seem to be any dispute as to the substantial facts upon which the first ground is based, for there seems to be no doubt that the return was filed within forty days after the "Case" as prepared for argument here was finally settled, and therefore the precise question presented for our decision is, whether such "Case" is an essential part of the record constitut-

ing the return? The second rule of this court prescribes what the return shall contain, in these words: "When the appeal is from a judgment, the return spoken of in the foregoing rule shall consist of copies of the judgment roll, the notice of appeal, and exceptions," &c. So that the question is narrowed down to the inquiry whether the "Case" as prepared for argument in this court is any part of the judgment roll. Section 302, of the Code, reads as follows: "Unless the party or his attorney shall furnish a judgment roll, the clerk, immediately after entering the judgment, shall attach together and file the following papers, which shall constitute the judgment roll [omitting the first sub-division which does not apply to this case]. 2. In all other cases, the summons, pleadings or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment."

Now, although the "Case" is mentioned as one of the papers which may constitute a part of the judgment roll, yet, when it is remembered that the practice under the code contemplates and provides for a "Case" to be prepared on an application for a new trial, *addressed to the Circuit Court*, where such motion is not made on the minutes, as well as a "Case" to be prepared for appeal to this court, it will be necessary to inquire whether the word "Case" in this section refers to the former or to the latter. It seems to us that it refers to the former and has no application to the latter. It will be observed that the clerk is required, "*immediately* after entering the judgment," to attach together certain specified papers, amongst which is the "Case," which shall constitute the judgment roll, and if the word "Case" is construed to mean the "Case" prepared for argument *in this court,* it would be impossible for him to comply with this requirement; for the appellant being allowed ten days after the rising of the court, or after written notice of the filing of the decision, to give notice of appeal, and thirty days thereafter to serve the "Case" for appeal, which time may be further extended by notice of amendments and otherwise, it is very manifest that it would be impossible for the clerk to attach such "Case" to the other papers, *immediately* after the entry of judgment, which he certainly could

not postpone until the "Case" for appeal was prepared and finally settled. But if the word "Case" as used in this section is construed to mean, as we think it clear it should be, the case prepared for a motion for a new trial *addressed to the Circuit Court*, there would be nothing to prevent the clerk from complying with the requirement, for the judgment could not be entered until the motion for new trial, addressed to the Circuit Court, had been heard and determined.

Again, the latter part of section 302, above quoted, shows that the papers constituting the judgment roll must be such as involve the merits and necessarily affect the judgment appealed from, and this implies, necessarily, papers leading up to the judgment and not those prepared after the judgment has been entered. Hence while the "Case" prepared for a motion, *addressed to the Circuit Court*, for a new trial would be one of the papers "involving the merits and necessarily affecting the judgment," we do not see how the same could be said of a "Case" prepared for argument *in this court*, after the judgment appealed from has been entered.

Counsel for appellant also relies upon rule 49 of the Circuit Court to show that the "Case," as prepared for argument in this court, constitutes a part of the judgment roll, but we are unable to find anything in that rule which sustains such a contention. The first paragraph of that rule (*Shand Manual*, page 76) prescribes the time within which a "Case" must be filed after it has been settled; and the second paragraph simply provides that a failure to file the "Case" within the time prescribed subjects the appellant to an order declaring the same abandoned. There is no reference whatever to the judgment roll, or to what papers constitute it, and we are unable to find any rule, either of the Circuit or Supreme Court, now of force, which declares that the "Case" as prepared for argument in this court shall constitute a part of the judgment roll, or anything which even implies such a requirement. It is true that rule 58 of the Circuit Court, as originally adopted in 1870, did contain a provision that the "Case" as settled for appeal to this court should "be attached to the judgment roll," but when these rules were revised in 1879, this provision was not only omitted, but in rule 71 it was expressly declared that: "All rules heretofore adopted for the

government of the practice of the Circuit Courts of this State shall be, and they are hereby, repealed." So that now we have no rule which contemplates that the "Case," as prepared for argument in this court, shall even be attached to the judgment roll.

It is clear, therefore, that the clerk committed no error in dismissing the appeal for failure to file the return within the prescribed time.

Our next inquiry is whether the appellant is entitled to relief under the provisions of the second section of the act of 1880, now incorporated in the General Statutes as section 349 of the Code. It seems to us that this is precisely one of those cases in which that statute was designed to afford relief. We are entirely satisfied that the default of the appellant was due to an honest mistake in supposing that the "Case" constituted a part of the judgment roll, and therefore that he could not file the return until the "Case" was finally settled. The mistake was quite natural and, as, we know, has not only been shared in by many of the bar, but seems to have been warranted by a remark made by Mr. Shand in his very valuable Manual, at page 58. We are equally well satisfied that this appeal was taken in good faith, and the counsel for appellant have shown by their conduct in printing the necessary papers, in time for a hearing at the first term at which the appeal could have been heard, that their purpose was not delay.

It is, however, ingeniously contended on the part of the respondent, that the appellant is not entitled to relief under the provisions of the act of 1880, because that act applies only to cases in which an appeal is pending, and as this appeal can no longer be regarded as pending after it has been dismissed by the clerk, the act cannot apply. We do not so construe that act. The word "pending" does not appear in the act, and its manifest purpose was to enable a party, who had given notice of appeal within the prescribed time, and who had failed to comply with some other technical requirement, which, under the provisions of the statutes regulating appeals, would operate as a waiver or abandonment of his appeal, to obtain relief from the effects of such failure, so as "to facilitate appeals" and prevent a defeat of justice by the operation of some merely technical requirement. Accordingly

this court has uniformly held that where a party has, in good faith, given due notice of appeal, he may, upon a proper showing for the purpose, obtain relief from the effects of *any* other default, and this court has, in numerous cases, entertained and granted motions to reinstate appeals dismissed by the clerk, even where the clerk has committed no error of law in so doing, because that, as it seemed to us, was the main object of the act of 1880.

Again, it is contended that the appellant, in order to avail himself of the benefits of the act of 1880, should have given notice of a motion to extend the time for filing the return before the appeal was dismissed by the clerk, and before it was waived by a failure to comply with the rule prescribing the time within which it should be filed ; and the case of *Scurry* v. *Coleman* (14 *S. C.*, 166) is cited in support of this view. It would be sufficient to say that that case was decided before the passage of the act of 1880, and therefore does not apply. But in the case of *Stribling* v. *Johns* (16 *S. C.*, 112), which was decided after the act of 1880, a similar view was taken, and it was there held that a motion for an *extension* of the time prescribed for doing any act necessary to perfect an appeal must be made *before* the expiration of the time limited.

It will be observed, however, that the act of 1880 contains two sections which are wholly different in their character. By the first section it is provided that the Circuit Judge who heard the case, or any one of the justices of this court, may *extend* the time allowed "for taking any step or proceeding in the preparation or perfection of appeals" except the time of giving notice of appeal; but the second section deals with an entirely different matter, and confers upon the Supreme Court—not upon the Circuit Judge who heard the case, or a single justice of this court—the power to permit a party who "shall omit, through mistake or inadvertence, to do any act or acts necessary to perfect an appeal," to do such act or acts *at any time*, provided the notice of appeal has been given in due time. It seems to us clear, therefore, that this court is invested with full power to entertain this motion, at this time, and grant the relief asked for, provided a proper showing for that purpose is made, which, as we have said above, we think has been done.

The respondent, however, further contends that according to appellant's own showing there was no inadvertence in this case, and, therefore, he is not entitled to the relief asked for; because he says that the appellant's own showing demonstrates that his mind was turned to the subject and this negatives the idea necessarily involved in the meaning of the word "inadvertence." Without entering into any philological discussion as to the proper signification of that term, it is sufficient to say that this position of the respondent ignores one of the terms used in the statute, which authorizes this court to relieve a party from an omission caused by *"mistake or* inadvertence," and this shows plainly that the legislature did not intend to confine the relief offered to cases in which the omission occurred through inadvertence in its strictest signification.

Finally, it is urged that this appeal having been dismissed by the clerk the matter is *res adjudicata,* and the case of *Clark Bros.* v. *Wimberly* (24 *S. C.,* 138) is cited to sustain this proposition. An examination of that case will show that it differs very materially from this. In that case a motion to dismiss the appeal was heard, not by the clerk, but by this court, upon the ground that the appellant had failed to serve his exceptions within the prescribed time. At the hearing the motion to dismiss was resisted upon the ground that the omission to serve the exceptions in due time was owing to the inadvertence of the counsel for appellant, and there being no affidavit or other evidence of inadvertence, the motion to dismiss the appeal was granted and an order of the court to that effect was entered. Subsequently counsel for appellant submitted a motion to rescind the former order, and to restore the case to the docket for hearing, based upon affidavits showing that the omission to serve the exceptions in due time was owing to the inadvertence of counsel. The motion to restore was resisted upon the ground "that this court having already rendered judgment dismissing the appeal, the matter is *res adjudicata,*" and the court so held upon the authority of the case of *Hyrne* v. *Erwin,* 22 *S. C.,* 587. So that it is plain, in the case of *Clark Bros.* v. *Wimberly* the attempt was to obtain from this court a reconsideration of the very question which had already been heard and adjudged by the court.

But in the case now under consideration the court had not heard or determined any question when the motion now before us was presented. The order of the clerk dismissing the appeal was *ex parte,* and was certainly not such a judgment as would support a plea of *res adjudicata.* It simply ascertained, officially, that a default had occurred which operated as a waiver of the appeal. The clerk did not, and could not, undertake to adjudge the question presented for our consideration, viz., whether the appellant was entitled to relief under the act of 1880. He had no jurisdiction to determine such a question, and his order can in no sense be regarded as such a judgment as would support a plea of *res adjudicata.* The case of *Hyrne* v. *Erwin,* upon which the decision in *Clark Bros.* v. *Wimberly* was based, was precisely like the case now under consideration, in its inception. In that case, after the appeal had been dismissed by the clerk for failure to file the return in due time, the appeal was restored, and it is obvious that the case of *Clark Bros.* v. *Wimberly* does not decide, or even intimate, that after an appeal has been dismissed by the clerk the whole matter is *res adjudicata,* and no motion to reinstate the appeal under the provisions of the act of 1880 can be entertained by this court, but, as it seems to us, the inference from that case is just the other way.

It is, therefore, ordered, that the motion to reinstate the appeal in this case be granted, and that the case be docketed for hearing at the next term of this court.