### HENNING v. WESTERN UNION TEL. CO.

*(Circuit Court, D. South Carolina. April 11, 1890.)*

1. NUISANCE—TELEGRAPH WIRES—MASTER AND SERVANT—PERSONAL INJURIES.
    Where employes of a telegraph company negligently allow its wires to fall on the wires of an electric light company, and to remain there hanging down, the telegraph company is liable for injuries sustained by a passenger on the street who accidentally comes in contact therewith.

2. SAME—EXEMPLARY DAMAGES.
    A person so injured is entitled to exemplary damages, if the employes acted in a spirit of mischief or criminal indifference, and it was known to the company's managers, or if the managers did not exercise proper care in selecting the employes, or if they knew or had means of knowing that they were not skillful, prudent, or careful.

**3. Same—Contributory Negligence.**

If, however, the passenger, though warned by a companion, took hold of the wire, and played with it, and was thus injured, he cannot recover, even though the company's employes were negligent.

**4. New Trial—Motion—Rules of Court.**

Where a rule of court requiring notice of motion for a new trial with the grounds thereof to be "filed with the clerk, and served on the opposite party within two days after the rendition of the verdict, unless the time be enlarged by the court," is not complied with because of counsel's belief that the practice of the court conforms to that of the state courts, the time for filing such motion will be enlarged, even after the expiration of such two days, when the same can be done at the term at which the verdict was rendered.

At Law. Action for personal injuries.

*Buist & Buist,* for plaintiff.

*Barker, Gilliland & Fitzsimons,* for defendant.

Simonton, J., (*charging jury.*) This action is brought for injuries resulting to the plaintiff solely, as he charges, by the negligent conduct of the agents of the defendant. This charge he must prove to your satisfaction. If the jury believe, from the preponderance of the evidence, that persons employed by the defendant company, while so engaged, allowed wires of that company on 1st September, 1888, to fall on the wires of the electric light company, and to remain there hanging down, and if they further believe that the plaintiff, on the 15th September next after, a passenger on the street, accidentally came in contact with this same wire, and was thereby injured, the defendant company is responsible in damages to him. The damages are to be given by the jury, and are to be measured by them, taking into consideration and compensating him for the actual injury to him, and his future, in the loss of his fingers, and also the bodily pain and mental suffering which he endured. If this action on the part of the persons employed by the telegraph company was conceived in the spirit of mischief, or of criminal indifference of civil obligations, and this was brought home to the managers of the telegraph company, or if the managers of the telegraph company did not exercise proper care in the selection of these agents, or if they had reason to know or the means of being informed that they were not skillful, prudent, or careful, then the jury can add exemplary damages.

2. If the jury find, from the preponderance of evidence, that the persons employed by the telegraph company were negligent as charged, yet if they also find that the plaintiff, notwithstanding the warnings of his companion, played with the hanging wire, and jumped up and took hold of it, and that thus by taking hold of it he was injured, when otherwise he would not have been injured, the jury must find for the defendant.

3. If the jury find, from the evidence, that the persons employed by the telegraph company wound up the wire they were taking down, and took it away as they stated, and if they find that the wire hanging on the electric wires was not left there by these persons on this 1st September, but must have come from some other source, they must find for the defendant.

#### ON MOTION TO ENLARGE TIME FOR FILING NOTICE OF MOTION FOR A NEW TRIAL.

(April 26, 1890.)

SIMONTON, J. The action was for tort for injuries from the wires of defendant. After a trial during the present term, lasting three days, the jury, on 11th of April, 1890, found a verdict of $4,000 for plaintiff, a minor. As soon as the verdict was rendered the attorney for the defendant rose in his place, and gave notice of a motion for a new trial. He did not, however, under the rule, file with the clerk his notice and the grounds for his motion, nor serve the latter on the plaintiff. He now asks that the time for doing these acts be enlarged.

Notwithstanding that the rules of this court prescribe the time and mode in which motions for new trial must be made, and that these rules have been in existence since the 24th of April, 1874, the records of the courts disclose but one instance, and that one of very recent date, in which the formal requirements of the rules have been observed. Very many cases can be found in which new trials have been applied for, some of which applications have been granted, and others refused. The court has always contented itself with seeking to administer justice, not confining itself by the stringent requirements of the rules; and so the bar seems to have lost sight of the fact that such requirements exist. Within the past six months motions for new trial have been made in Charleston, Columbia, and Greenville, the only places in which this court is held, and it was necessary to call the attention of the bar to the fact that the existence of acts of congress and of rules in this court on the subject of new trials rendered our practice independent of any statute or practice of this state with regard to such motions. *Missouri, etc., Ry. Co.* v. *Chicago, etc., R. Co.*, 132 U. S. 191, 9 Sup. Ct. Rep. 65. Attention is now called once for all to this matter. The rules regulating their practice are numbers 33 to 51 inclusive. They cover cases which arise under sections 726, 987, Rev. St. U. S. These rules will be enforced, subject, however, to the power which the court, without doubt, possesses to suspend its own rules, or to except a particular case from their operation when the purposes of justice require it. *U. S.* v. *Breitling,* per TANEY, C. J., 20 How. 254; *Marye* v. *Strouse,* 5 Fed. Rep. 498; *Ex parte Clyde,* 14 S. C. 389. The present case comes up under rule 34, which is in these words:

"No party shall be entitled to move to set aside a verdict or in arrest of judgment, unless notice with the grounds thereof shall be filed with the clerk, and served on the opposite party within two days after the rendition of the verdict, unless the time be enlarged by the court."

No other part of this rule but the notice has been observed by the defendant's attorney. Must the discretion of the court in enlarging the time be exercised within the two days? Can it be applied afterwards? The rule is meant for the convenience of the court, for the orderly dispatch of business, and the prevention of injury to the opposite party. The court can exercise its discretion in enlarging the time after

it has expired. This is strictly analogous to the practice of the supreme court of the United States in the service of papers, and in the performance of acts not regulated by statute. *Railroad Co.* v. *Blair*, 100 U. S. 661; *Dayton* v. *Lash*, 94 U. S. 112; *Davidson* v. *Lanier*, 4 Wall. 454; *Martin* v. *Hunter*, 1 Wheat. 361. Even the supreme court of South Carolina, which carefully guards strict compliance with its rules, held, in *Wardlaw* v. *Erskine*, 20 S. C. 582, that when notice of appeal was given they had the power to relieve the appellant from the consequences of other omissions in perfecting the appeal; and being satisfied that there has been no culpable negligence or intent to delay on the part of appellants, and especially as no delay would be caused by granting the relief asked, the court granted the motion. The same court in *Tribble* v. *Poore*, 28 S. C. 564, 6 S. E. Rep. 577, heard a motion under its rule 1, requiring the return to be filed within 40 days after the record constituting the return has been completed, held:

"The appeal having been taken in good faith, and appellant having in common with many others honestly misconstrued this rule of court, he is entitled under the law to have his appeal reinstated. His failure before the forty days expired to give notice of a motion to have his time for filing the return extended, does not prevent this court from granting such relief afterwards."

In the present case the attorney for the defendant assures the court that the omission was occasioned solely by his inadvertence, arising from the conviction that our practice conforms to that of this state. Inasmuch as the notice was duly given, and being satisfied that the intent to make the notice is *bona fide*, not for delay, and that the plaintiff has not sustained any injury whatever by the omission, and especially as this motion is made so long a time before the term will end, leave is granted to the defendant to file and serve the grounds of his motion, provided that this be done within two days from the date of this order.

NOTE.—In a case of *Blacklock* v. *Smalls*, pending in this court, (April term, 1882,) the complainant's solicitor had failed to observe the provisions of equity rule 69. He went before the next term of the circuit court, WAITE, C. J., presiding, and prayed that he be excepted from the operation of the rule, on the sole ground of his own inadvertence. The p[r]ayer was granted, and the testimony taken. See, also, *Ingle* v. *Jones*, 9 Wall. 486.