## 7500
### DEAL v. DEAL.

1. APPEAL.—After one of the Justices of this Court has extended the time for the service of a "proposed case" pending an appeal from an order of the Circuit Judge extending the time, whether the Judge had the power to make the order and whether he was correct in his view of when the time began to run, become speculative questions.

2. IBID.—An order by a Circuit Judge extending time for serving "proposed case" is not appealable. His action should be brought up for review by motion to dismiss appeal.

   *Stribling* v. *Johns,* 16 S. C., 112, *and Scurry* v. *Coleman,* 14 S. C., 160, *distinguished from this case.*

Before KLUGH, J., Richland, June, 1909.    Affirmed.

From order granting further time to serve "proposed case" for appeal in Mary L. Deal against Margaret E. Deal and A. M. Deal, plaintiff appeals.

*Mr. Hunter A. Gibbes,* for appellant, cites: *Time should not have been extended:* Code of Proc., secs. 345, 348, 349; 36 S. C., 599; 12 S. C., 559; 16 S. C., 112; 59 S. C., 479; 40 S. C., 546; 35 S. C., 592, 607; 14 S. C., 166; 58 S. C., 33; 59 S. C., 215; Rule 50, C. C.

*Mr. Jas. S. Verner,* contra, cites: *This appeal should be dismissed:* 12 S. C., 559; 14 S. C., 68; 16 S. C., 115. *Could the Circuit Court extend the time?* 40 S. C., 432; 52 S. C., 505.

March 17, 1910.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. A verdict was rendered in favor of the plaintiff and against the defendants on May 5, 1909. By special order of the Court the plaintiff was allowed to enter up judgment on the verdict during the term, which was done on May 18, 1909.    On the same day defendants

served notice of intention to appeal to this Court. On June 14, 1909, defendants served on plaintiff's attorney notice of a motion, to be heard on June 18, 1909, by his Honor, Judge Klugh, the Judge who heard the cause, to extend the time for the service of the case and exceptions. The motion was resisted on the ground that the time for the service of the case and exceptions had already expired, and, therefore, the Judge had no jurisdiction to grant the order.

Section 348 of the Code provides: "The time for taking any step or proceeding in the preparation and perfection of appeals from the Circuit Courts to the Supreme Court, as now prescribed by law, may be extended by the Judge who heard the cause, or by any one of the Justices of the Supreme Court, upon four days' notice of such motion being first given to the opposite party, except the time of giving notice of appeal to the opposite party." It has been held that, after the time for the service of the case and exceptions has expired, the Judge has no jurisdiction to *extend* the time. *Stribling* v. *Johns*, 16 S. C., 112; *Tribble* v. *Poore*, 28 S. C., 565, 6 S. E., 577.

Section 345 of the Code is, so far as pertinent, as follows: "In every appeal to the Supreme Court from an order, decree or judgment granted or rendered at chambers from which an appeal may be taken to the Supreme Court, the appellant or his attorney shall, within ten days after written notice that such order has been granted, or decree or judgment rendered, give notice to the opposite party or his attorney of his intention to appeal; and in all other appeals to the Supreme Court the appellant or his attorney shall, within ten days after the rising of the Circuit Court, give like notice of his intention to appeal to the opposite party or his attorney, and within thirty days after such notice the appellant or his attorney shall prepare a case with exceptions and serve them on the opposite party or his attorney, etc.

Under this section his Honor held that the time for service of the case and exceptions, when the notice of appeal was served before the rising of the Court, began to run on the first day after the adjournment of the Court; that the motion was, therefore, within the time, and granted an order extending the time till October 28th, 1909.

From this order the plaintiff appealed. Pending this appeal, the time for service of the case and exceptions in the original appeal was subsequently further extended by an order of one of the Justices of this Court, till January 1st, 1910, and by order of this Court, it was again further extended, without prejudice, however, to the present appeal.

As there is no doubt of the power of this Court, under section 349 of the Code, to exercise its discretion to permit an appeal to be perfected by service of case and exceptions, even *after* the expiration of the time allowed by statute for the service thereof, and as this Court has exercised its discretion to that end, the questions whether Judge Klugh's construction of section 345 is or is not erroneous, and whether he had jurisdiction to pass the order appealed from, become purely speculative.

But Judge Klugh's order is not appealable. It does not fall within any of the subdivisions of section 11 of the Code, which specify what judgments, decrees and orders this Court has jurisdiction to review on appeal. See 2 *Gibbes* v. *Elliott*, 8 S. C., page 61. Moreover, if the Judge had jurisdiction to pass the order, it was a matter solely within his discretion, from which it was held in *Stribling* v. *Johns, supra,* there is no appeal; if he had no jurisdiction, his order was a nullity, and the proper remedy of the respondent in the original appeal (appellant herein) was to move this Court to dismiss the appeal. On such motion, the power of the Judge to pass the order could have been reviewed by this Court.

If it be said that the Court did entertain an appeal from such an order in *Stribling* v. *Johns, supra,* and in *Scurry*

v. *Coleman,* 14 S. C., 166, the answer is that the point that the orders were not appealable does not seem to have been made in either of those cases, as it has been in this case. Besides, in *Scurry* v. *Coleman,* motion to dismiss the original appeal seems to have been made and heard at the same time the appeal from the order of the Judge granting the extension of the time was heard, and the original appeal was dismissed.

Appeal dismissed.