7926

### WARREN *v.* WILSON.

APPEAL.—THIS COURT may permit acts, to perfect an appeal taken in good faith, done, on motion made after expiration of thirty days for service of case and exceptions from notice of intention to appeal. Motion to dismiss here refused because the Court is of opinion the appeal was taken in good faith and delay in serving case excusable.

Motion to dismiss appeal in G. L. Warren *et al.* against P. J. Wilson, in which plaintiffs are appellants.

*Messrs. Padgett, Lemacks & Moorer,* for the motion.

*Messrs. Warren & Warren,* contra.

June 6, 1911. PER CURIAM. This is a motion to dismiss the appeal herein on the ground that no case with exceptions was served within thirty days after notice of intention to appeal.

The action was for the recovery of real estate, and the verdict was for the defendant.

Judge Watts made his order refusing a new trial on February 18, 1911, and notice of intention to appeal from this order and the judgment rendered in the case was served on February 23, 1911. Proposed case with exceptions was served by the sheriff on April 10, 1911, forty days after notice of intention to appeal.

Section 345 of the Code of Procedure requires that case with exceptions be served within thirty days after notice of appeal. Section 348 provides that the Circuit Judge, who heard the cause, or any one of the Justices of the Supreme Court, upon four days' notice, may extend the time for taking any proceeding in the perfection of an appeal, except the time of giving notice of appeal. Relief under this section requires that notice of motion for extension of time be given before the expiration of the time limited, which was not done in this case. However, sections 339 and 349 provide that the Supreme Court in its discretion may permit acts to perfect an appeal out of time, omitted to be done through mistake or inadvertence if satisfied that the appeal was taken in good faith and notice of appeal was given in due time. The requirement of section 348, that notice of motion to extend time must

be given before expiration of the time limited, does not apply, when the application is to the Supreme Court. .

In determining whether to dismiss the appeal for failure to serve case and exceptions in time, this Court will consider whether the excuse offered by the appellant in opposition to the motion is such as would move the Court to grant an extension of time to perfect the appeal. The appellant explains his delay in serving proposed case and exceptions on the ground that, after diligence, he was unable to procure the stenographer's report of the charge and testimony in time; and upon the further ground that, on March 21, 1911, he discovered for the first time that respondent had not entered judgment in the case, whereupon he concluded, under the case of *Publishing Co.* v. *Gibbes,* 59 S. C. 219, 37 S. E. 753, that he had thirty days after entry of judgment to serve case and exceptions. It appears that no judgment had been entered up to the time of hearing this motion, but appellant declares his intention to have such judgment promptly entered himself if respondent does not. The fact that no judgment has been entered may excuse the failure to serve, within thirty days after notice of appeal, the case and exceptions on appeal from the judgment. *Pub. Co.* v. *Gibbes, supra.*

Upon a proper motion the Court would be warranted in dismissing an appeal from a judgment not entered, but the motion to dismiss is not based upon that ground, but solely upon the ground that case with exceptions was not served in time, which goes upon the theory that judgment has been entered.

We are satisfied that the appeal from the judgment to be entered and from the order refusing new trial is taken in good faith, and the notice of appeal having been given within time, we must decline to dismiss the appeal on the ground stated in the motion.

Motion refused.