### KNEECE v. HALL *ET AL.*

#### (135 S. E., 881)

1. APPEAL AND ERROR—IN ACTION FOR DAMAGES FOR DESTRUCTION OF PLAINTIFF'S DAM, JUDGMENT FOR PLAINTIFF WAS REVERSED FOR ERROR OF TRIAL COURT.—In action by owner of dam, which was located in part on land of defendant, for damages for defendant's destruction of dam, judgment for plaintiff was reversed for error of trial Court.

2. APPEAL AND ERROR—COURT'S FINDING THAT DEFENDANT WAS PHYSICALLY ABLE TO COME TO TRIAL HELD CONCLUSIVE ON APPEAL.— Trial Court's finding that defendant was physically able to come to trial, raised on motion for continuance, *held* conclusive on appeal.

3. APPEAL AND ERROR—JUDGE'S STATEMENT THAT HE DID NOT CHARGE AS REPORTED BY STENOGRAPHER IS CONCLUSIVE.—Judge's statement that he did not charge as reported by stenographer is conclusive on reviewing Court.

4. TRIAL—WHERE COURT REJECTED SUPPOSED DEFECTIVE VERDICT, AND, AFTER SECOND VERDICT EQUALLY DEFECTIVE, DISMISSED JURY, HELD THERE WAS NO VERDICT ON WHICH JUDGMENT COULD BE BASED.— In action for destruction of dam, where Court refused to receive supposed defective verdict, and, after jury brought in second verdict equally defective, dismissed it, and entered judgment on first verdict without questioning jurors as to whether it was their verdict, *held* there was no verdict on which judgment could be based.

Before C. J. RAMAGE, Special Judge, Lexington, November, 1923. Judgment set aside and new trial ordered.

Action by R. M. Kneece against Elijah Hall and others. Judgment for plaintiff and defendants appeal.

*Messrs. Timmerman & Graham and Efird & Carroll,* for appellants, cite: *Actual presence of party to a trial is material advantage:* 110 S. C., 261. *Absence of party to a trial on certificate of physician ground for continuance:* 115 S. C., 315; 113 S. C., 91; 110 S. C., 259; 50 S. C., 403. *Where jury disregards instructions of Court, new trial proper remedy:* 125 S. E., 912; 110 S. C., 443. *Case distinguished:* 20 S. C., 191. *Appointment and status of Court stenographers:* Code Civ. Pro., 1922 Secs. 536 and 537. *Agreed statement of "Case":* Code Civ. Pro., 1922, Sec. 646, Sub., 4. *Failure of party to make a "Case":* Circuit Rule 51.

*Messrs. C. E. Sawyer and E. L. Asbill,* for respondent cite: *Granting of continuance matter of discretion:* 90 S. C., 470; 78 S. C., 253. *Right of Circuit Judge to correct stenographer's notes on his charge:* 20 S. C., 190. *Verdict holding agents not liable and principal liable improper where principal acted only through agents:* 104 S. C., 266. *Jury may apportion verdict among several trespassers in varying amounts:* 1 Bay 15; 1 Bay 11; 1 Mill 333. *Matters of aggravation may be shown in trespass to enhance damages:* 2 Speer, 553. Trespass may be against right acquired by prescription, 3 Strob., 425. *Trespass is against possession:* 114 S. C., 380. *Defendants had notice of plaintiff's claim or right to maintain dam:* 93 S. C., 126. *Right to overflow land may be conveyed:* 68 S. C., 470. *Record of easement not necessary when grantee in actual possession:* 112 S. C., 555; 100 S. E., 533; 72 S. C., 228; 29 S. C., 147. *Trepasser liable for damages traceable to his acts:* 1 Strob. L., 547. *Dominant tenant may do all necessary to enjoyment of easement:* 71 S. C., 158; 67 S. C., 181; 47 S. C., 464; 34 S. C., 66; 13 S. C., 99; *Agreement to maintain dam need not be recorded:* 71 S. C., 153; 70 S. C., 528.

Messrs. Martin & Sturkie also of counsel.

April 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent, Kneece, owned and operated a mill pond on Chinquepin creek. A part of the dam was located across the creek on land of the appellant Elijah Hall. A part of the dam was washed away, and the respondent undertook to repair it, and the appellant sent his hands to tear up the dam on his land. This action is brought for damages for the willful and high-handed invasion of the plaintiff's rights. Judgment was had for the plaintiff, and the defendants appealed. The questions are of law, and enough of the facts will be stated later to explain the questions of law.

I. The first question arises from a motion to continue the case. The showing made by the defendant, Hall, was that he was sick; that he was in a serious nervous condition; and his presence at the trial would be a serious risk to his health. The plaintiff denied that there was anything the matter with Mr. Hall, and he was then at home carrying on his other business. The trial Judge ordered the case on for trial. The distinct question was made: Is the defendant, Hall, physically able to come to trial? That was a question of fact. This is a law case, and the decision of a question of fact in a law case binds this Court. The exceptions that raise this question, No. 1 and No. 2, are overruled. Exception No. 3 is not argued, and therefore considered abandoned.

II. The next assignment of error is that his Honor, the trial Judge, erred in charging the law as to actual and punitive damages. In his order settling the case, the presiding Judge says that he did not charge as the stenographer

NOTE: The stenographer was a substitute for the regular stenographer of the 11th Circuit.—*Reporter*.

reports that he did charge. We are bound to accept the statement of the presiding Judge.

III.  The records shows the following:

4    "The jury were returned to their seats in the court-room.

"The Court: Gentlemen, have you agreed?

"The Foreman: Yes, sir.

"The Clerk of the Court read the verdict, as follows: 'We find for the plaintiff against Elijah Hall in the sum of $2,000. We find for the plaintiff against B. L. Kirkland in the sum of $100.'

"The Court: Just wait a minute, gentlemen. That verdict can't stand unless—in other words, you couldn't find any more against him than you do against the others. You will have to retire and reconsider the matter. You can't find any more against Hall than you do against the other men. In other words, Hall couldn't be any more guilty than the others were. You would have to find against them the same amount that you do against Hall. You may retire.

"The jury again retired to their room, and after a time were returned to their seats in the courtroom.

"The Court: If there is any information you want Mr. Foreman—

"The Foreman: We want to know whether we will have to find all the defendants the same thing, or not.

"The Court: Here is what I say: You can't find more against Elijah Hall than you find against one or more of the defendants. The law is this: If a man operates through agents, he can't be any more guilty than the agents were. The Supreme Court, as I understand, has decided that. That where a railroad company does an act through an agent, and they find against the company and not against the agent, that is no verdict. You see these men automatically—whatever was done there was automatically done by these agents—and you couldn't find any more against Hall

than you could against them. That is my construction of
it. You couldn't find against him any more than you did
them. Hall wouldn't be any more guilty than either one
of these men would be.

"The jury again retired to the jury room, and after
further consideration of the case were returned to their
seats in the courtroom.

"The Court: Have you agreed upon a verdict?

"The Foreman: Yes, sir.

"The Clerk of Court read the verdict, as follows: 'We
find against the defendant Elijah Hall the sum of $2,000.
We find against the defendant B. L. Kirkland the sum of
$2,000. We find against the defendant Ed. Fallaw the
sum of $100. We find against the defendant Neal Rowe
the sum of $100.'

"Mr. Carroll: I move to set that verdict aside, on the
ground that it does not find against the defendant and agents
in like manner.

"Case ended.

"Jury dismissed."

His Honor restored the first verdict, and ordered judg-
ment in accordance with the first verdict. This was done
after the jury was dismissed.

It is very manifest that there was no verdict upon which
the judgment could have been based. The question, "And
that is your verdict. So say ye all?" is not a mere for-
mality. It is the acknowledgment of each of the jurors that
the verdict promulgated correctly states his conviction.
It may be that by the silence of the jurors they may be
held to have consented to the verdict as promulgated. No
chance was allowed as to the first verdict, and the judg-
ment was not based upon the second.

The judgment must be set aside and a new trial ordered.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN
did not participate.