12823

WADE v. GORE *ET AL.*

(151 S. E., 470)

*Mr. J. H. Glenn,* for appellant.

*Mr. J. M. Hemphill,* for respondent.

January 31, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff in this cause had a favorable verdict and judgment in the Court of Common Pleas for Chester County. Within the proper time, the defendants gave notice of their intention to appeal. The appeal was not perfected within the time required by law. On motion of the plaintiff, the Circuit Judge, Hon. J. K. Henry, dismissed the appeal. The defendants then moved before this Court that the appeal be reinstated under the provisions of Section 650 of the Code of Civil Procedure, Vol. 1, Code of 1922.

It appears that the counsel for the defendant made no effort to secure the consent of plaintiff's attorneys to an extension of time for perfecting the appeal. It also appears that no steps were taken to secure such extension from the Presiding Judge, who heard the cause on circuit, or from one of the justices of this Court, as provided for in Section 649, *Id.*

Upon the hearing of the motion in this Court, we decided that the defendants were not entitled to have their motion granted, since the reasons, upon which the same was based, appeared to us insufficient. It is therefore ordered that the said motion be, and the same is hereby, refused.

At almost every session of this Court motions of this character are made, and in a majority of cases they are refused. Such motions take up much time that could the better be used in disposing of cases awaiting on the docket to be heard, cases prepared diligently for hearing. Because of the prevalence of these motions, we think it well to state, and to have reported, for the information of the bar, the attitude of the Court in regard to reinstatement of appeals.

If a litigant who has lost his case in a lower Court desires to appeal to this Court he must, within the ten days allowed by law, give notice of his intention to appeal. If that notice is not given, there can be no appeal, and no extension for the time of the giving of this notice can be granted by either the lower Court or this Court. See Sections 649 and 650, *Id.,* and *Abney v. Cole,* 30 S. C., 607, 10 S. E., 390.

After the required notice of intention to appeal has been given, it is the duty of appellant's counsel to proceed in the matter of perfecting the appeal. If, for any reason, counsel for appellant see that the proper steps or proceedings in the preparation and perfection of the appeal cannot be taken within the permitted time, such counsel should seek early enough, and before the time has expired, to procure the consent of the opposing counsel for further time in the matter; and the proper and safer practice, for the protection of all parties, and for the Court as well, is to have such consent, if obtained, evidenced by writing.

If the opposing counsel do not consent to an extension of time, or, if for any good reason counsel for appellant cannot, or should not, ask opposing counsel for the extension, then appellant's counsel should proceed on mo-

tion, as provided for in Section 649, *supra,* to secure from the judge who heard the cause, or from one of the justices of this Court, an order allowing the time to be extended. Attorneys should be reminded, perhaps, that the motion for such extension must be made before the expiration of the time limited, and at least four days' notice of such notice must be given to the opposite party. *Tribble v. Poore,* 28 S. C., 565, 6 S. E., 577; *Deal v. Deal,* 85 S. C., 262, 67 S. E., 241.

It should not be necessary often for an appellant's counsel to have to proceed under the provisions of Section 650, *supra.* By the terms of that section, this Court may, in our discretion, "permit such act or acts to be done at any time to perfect the appeal." But this discretion will not be exercised in favor of litigants and their attorneys who have "allowed things just to rock along," expecting this Court to take care of them under any and all circumstances. A party seeking relief under that section will have to show clearly that the acts, which were necessary for him to do, were omitted "through mistake or inadvertence," that his appeal "was taken *bona fide,*" and he may expect the Court, even if the motion is granted, to impose such terms as we shall think just in the premises to protect the party who is being delayed in the enforcement of his rights. An applicant for reinstatement, under the provisions of Section 650, should show also that he has endeavored to secure extension of time within the proper time, as hereinbefore indicated, or that for some *especially good reason* he could not secure the same.

It is the purpose of the Court to do all we can to administer justice as speedily as possible. Litigation should be ended as early as practicable, with the view to substantial justice between litigants. Delays in perfecting appeals, without exceptionally good cause therefor, will not be countenanced.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER, concur.