12897

KNEECE v. HALL *ET AL.*

(152 S. E., 815)

*Messrs. E. L. Asbill,* and *C. E. Sawyer,* for appellant,

*Messrs. Timmerman & Graham,* for respondents,

April 17, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor Judge Grimball, dated December 4, 1929, refusing a motion by the plaintiff, appellant, for an order permitting him to perfect his appeal from a judgment in favor of the defendants under Section 649 of the Code Civ. Proc.

The facts are these:

In August, 1921, the plaintiff brought an action against the defendant Hall and others, "for trespass and for damages and to try title to water power and dam and easements, on Chinquepin Creek." The defendant Hall claimed title and set up a counterclaim for damages resulting from the plaintiff's trespass.

The case was tried before his Honor, then Special Judge Ramage, and a jury, in November, 1923; the trial resulted in a verdict in favor of *the plaintiff.* Upon appeal the judgment was reversed, and a new trial was ordered, 138 S. C., 157, 135 S. E., 881, April, 1925. The second trial before his Honor, Judge Grimball, and a jury was had in April, 1927; it resulted in a verdict in favor of *the defendants.* On April 30, 1927, within the 10 days allowed, the plaintiff served notice of intention to appeal (I assume from the judgment

"entered or to be entered" on the said verdict); the defendants, in whose favor the verdict was rendered, had the right within 5 days thereafter to enter judgment thereupon, but failed to do so. The plaintiff appellant did not serve a "proposed case with exceptions" within 30 days after his notice of appeal; but on October 12, 1929, more than 2 years after the verdict, had the judgment in favor of the defendants entered up in the clerk's office, as he had the right to do, and on the same day served upon counsel for the defendants a "proposed case with exceptions." Perhaps, although it does not explicitly so appear in the transcript, the attorneys for the defendants declined to accept service of the proposed case upon the ground that it was not served in time. At any rate, the attorneys for the plaintiff then gave notice of motion before his Honor, Judge Grimball, at his chambers in Aiken, on October 25, 1929, for an order permitting them to perfect their appeal under Section 649, as the Circuit Judge considered it. He refused the motion upon the ground that the motion was made more than 2 years after the verdict was rendered. From this order the plaintiff has appealed.

I do not think that his Honor, Judge Grimball, had jurisdiction to entertain such a motion, as the section referred to provides explicitly that such a motion can be made only within the time allowed within which to serve the proposed case and the cases construing that section specifically so hold. *Stribling v. Johns,* 16 S. C., 112; *Tribble v. Poore,* 28 S. C., 565, 6 S. E., 577; *Deal v. Deal,* 85 S. C., 262, 67 S. E., 241; *Wade v. Gore,* 154 S. C., 262, 151 S. E., 470.

In the *Deal case* the Court said: "It has been held that, after the time for the service of the case and exceptions has expired, the Judge *has no jurisdiction to extend the time"*— citing cases.

The only remedy that a defaulting appellant has, is to apply to this Court under Section 650.

The order was therefore *coram non judice* and should be reversed.

I think it proper to observe that, under the circumstances, the appellant was under no obligation to procure an order of any kind; he was not subject to the penalty of the rule requiring him to serve his proposed case within 30 days after notice of appeal, *until after judgment had been entered up against him,* which was not done in this case until October 12, 1929, and his proposed case was served upon that day.

In *Bank v. Gary,* 14 S. C., 572, the Court said: "Until the judgment was entered there was nothing to appeal from. There was no order or judgment—nothing but a verdict, and no appeal lies to this Court from the verdict of a jury."

And in *Molair v. R. Co.,* 31 S. C., 510, 10 S. E., 243, 245: "It may be that after verdict the judgment is to be regarded for some purposes as rendered thereon at once, but in the matter of appeal it must be filed and entered before the appeal is taken; otherwise, inasmuch as other steps are to be taken within a certain prescribed time after the notice, the appeal might be perfected without any judgment at all having been entered. This would be in conflict with the law allowing appeals, which confines them to orders, decrees, and judgments."

And in *American Publishing & Engraving Co. v. Gibbes,* 59 S. C., 215, 37 S. E., 753, 755: "Now, as it does not appear from the papers before us that any such judgment has ever been entered up in the Circuit Court, it is difficult to conceive how the appellant could prepare his 'case' with exceptions, inasmuch as such 'case' should properly set forth the judgment, or at least state that it had been entered up, and what was its nature; otherwise, this Court could not know officially what it was called upon to review. We do not think, therefore, that the appellant, under the facts appearing in this case, was in any default in not serving this 'case' with exceptions within 30 days after the service of his notice

of intention to appeal from the judgment to be entered up, and which does not appear to have been yet entered." See also, *Warren v. Wilson*, 89 S. C., 108, 71 S. E., 513.

For these reasons I think that the order appealed from should be reversed. It is so ordered.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.
MR. CHIEF JUSTICE WATTS did not participate.