14121

SALLEY v. WESTERN MUTUAL FIRE INS. CO.

(181 S. E., 72)

See also, 181 S. E., 74.

*Messrs. Lide & Felder* and *C. E. Summers,* for appellant,

*Messrs. A. J. Hydrick* and *T. B. Bryant, Jr.,* for respondent.

August 8, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an appeal from an order of his Honor, Judge Mann, which denied a motion to dismiss an appeal made on the ground that it was not perfected in due time. It is set out in the record in the statement of the appellant that the order of Judge Mann fully "states the facts." We here set out the order of Judge Mann:

"This case was tried before me during June, 1933, term of the Court of Common Pleas in Orangeburg County. The verdict of the jury was in favor of the defendant, and judgment was entered thereon accordingly. It appears, and I so find, that notice of intention to appeal was duly served by plaintiff's counsel on defendant's attorneys on July 3, 1933, and on August 1, 1933, a proposed case for appeal was served. On August 8, 1933, defendant's attorneys served notice of various proposed amendments to the proposed case, and a notice was then served by plaintiff's counsel on defendant's attorneys on August 11, 1933, that the proposed

amendments were disallowed, and that they would appear before me at St. Matthews on August 21, 1933, for an order settling the case for appeal to the Supreme Court.

"Why this matter was not taken up before me at that time does not definitely appear. Possibly I may not have been available at that time. Counsel in the cause are uncertain. However, they are not in disagreement. Mr. Lide says he recalls that Mr. Hydrick mentioned the matter to him at the time, and he told him to get his papers and he would see whether they could agree. This, it appears, was never done.

"I have held two terms of Court in Orangeburg County since that time and have been down to Orangeburg on numerous occasions to hear special matters that the members of the bar desired me to hear, and also to take up and hear any matters generally that the members of the bar may have desired for me to hear. This matter was not called to my attention in August, 1933, and I was not requested then, or at any other time, to fix a date for hearing the attorneys in connection with settling this case. I have been available, but it does not appear that any effort has been made to bring it before me or to seek an engagement for that purpose.

"On December 18, 1934, defendant's attorneys served notice on plaintiff's counsel that they would move before me on December 29, 1934, for an order dismissing the appeal in this case for the reason that there had been no further proceedings therein, other than I have stated above, and that the 'return' for such appeal had not been perfected and filed as required by the rules of the Supreme Court. By agreement of counsel this motion was not heard on the day fixed in such notice, but it was continued until this date, and I undertook to come down to Orangeburg for that purpose. On December 26, 1934, after the service of notice to dismiss the appeal, plaintiff's counsel served notice on attorneys for defendant that they would move before me on December 29, 1934, at St. Matthews, or as soon thereafter as counsel may be

heard, for an order settling the case for appeal to the Supreme Court. Both of these motions are now before me.

"No application was made before me within the time required for an extension of time to perfect this appeal, and no order for extending the time for perfecting the appeal has been obtained from a justice of the Supreme Court or the Supreme Court. It does not appear that any effort to this end has been made. The 'return' in this case has not been filed in the Supreme Court as required by its rules. While plaintiff has performed all of the requisites within the times required for getting up his case for appeal, including notice of motion before me to settle the case, there has been negligence on his part in bringing this motion to a hearing. I am doubtful as to whether this neglect or delay at this stage of his efforts constitutes waiver by failure to perfect the appeal under Subdivision 3 of Section 781 of Volume 1, Code of Laws, 1932.

"While plaintiff clearly has been negligent in bringing to a hearing his motion for settlement of the case for appeal, I do not believe that it has been his intention to waive his appeal and under the statute I do not think that I may so hold; and I do not feel that such negligence would justify me in declaring the appeal abandoned. To dismiss the appeal at this stage would end the matter, and I would rather that plaintiff should have an opportunity to seek relief before the Supreme Court. For such reasons, I am going to refuse the motion to dismiss the appeal and endeavor to settle the original case for appeal to the Supreme Court and that Court may have the whole matter before it, if the parties so desire.

"It is, therefore, ordered that the defendant's motion to dismiss the appeal to the Supreme Court in the above case be refused, and plaintiff's motion before me for an order settling the case be granted. This I will undertake to do.

"January 2, 1935."

There can be no particle of doubt that plaintiff has failed to perfect his appeal as required by the Code. He justifies

failure to do so on the ground that there was an oral agreement between counsel that they would endeavor to reconcile their differences over the matter of defendant's proposed amendments to plaintiff's proposed case for appeal. Here is another evidence of the unwisdom of counsel in relying upon parol agreements in such matters. However, in this respect we think the appellant was *in pari* delinquency with the repondent. There was no fixed time for the negotiation for settlement of proposed amendments to end. The record does not disclose anything in the negotiations to lead the appellant to conclude that respondent had abandoned his appeal. Therefore, if appellant intended to end the negotiations, it should have given to respondent notice of its intention before giving notice of motion to dismiss the appeal; instead of doing that, as late as February 20, 1935, their letter of that date to plaintiff's attorney indicated that they were still willing to do this without waiving their appeal from Judge Mann's order refusing to dismiss the appeal. Up to the point of entering into this oral agreement to attempt to settle the matter of defendant's proposed amendments, the plaintiff had taken every step necessary to perfect his appeal, but immediately on receipt of notice of motion to dismiss the appeal he gave notice of motion to settle the case for appeal. It was settled by Judge Mann, the return was filed in the Court in due time thereafter, and the appeal heard.

Subdivision 3 of Section 781, Vol. 1, Code 1932, provides: "Whenever the appellant shall fail to perfect his appeal, his failure to do so shall amount to a waiver thereof, unless the Court permit the appeal to be perfected as provided in Sections 775 and 785."

Section 775 provides that: "When a party shall give, in good faith, notice of appeal from a judgment or order and shall omit, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the Court may permit an amendment on such terms as may be just."

Section 785 provides that: "When any party shall omit,

through mistake or inadvertence, to do any act or acts necessary to perfect an appeal, or to stay proceedings, the Supreme Court may, in their discretion, permit such act or acts to be done at any time to perfect the appeal on such terms as may be just, provided that the Court shall be satisfied that the appeal was taken *bona fide,* and provided that notice of the same was given as now required by law."

It is patent that plaintiff did not intend to abandon his appeal. We are of opinion that if respondent had understood that negotiations for settlement were ended, he would have proceeded with the hearing of the motion to settle the case for appeal. Indeed, this was what he did when notice of motion to dismiss the appeal was served. Or he might have applied to the Court for leave to perfect the appeal, and in our opinion the Court in the spirit of Sections 775 and 785 would have granted the motion. It was in compliance with this spirit that Judge Mann held that he should not dismiss the appeal.

The Court adheres to the rule laid down in the case of *Wade v. Gore et al.,* 154 S. C,. 262, 151 S. E., 470. The facts of this case clearly distinguish it from that case.

The order appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.