15510

McPHERSON v. ANDERSON

(24 S. E. (2d), 517)

June, 1942.

*Mr. R. E. Hanna*, of Cheraw, Counsel for Appellant,

*Mr. John D. Nock*, of Cheraw, Counsel for Respondent.

February 26, 1943.

The unanimous opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

This action was commenced by service of a summons on December 28, 1938, against J. L. Anderson as an individual, and was followed by service of a complaint on January 5, 1939. The complaint was amended two or more times, the last complaint being served on February 28, 1939.

The respondent, J. L. Anderson, departed this life testate, on February 18, 1940. His executrix qualified, and on February 28, 1941, received her letters dismissory. Notice to creditors and notice of application for discharge were duly published and no claim was filed by appellant, nor was the executrix substituted as defendant.

On January 12, 1942, on appellant's motion, a rule to show cause was issued, addressed to (1) Honorable Ed. Redfern, Clerk of Court for Chesterfield County as to why he should not qualify and be made a party defendant as administrator *de bonis non* of the estate of J. L. Anderson, deceased, defendant; (2) to Anderson's two sons why they should not be made defendants "as surviving directors of J. L. Anderson, Inc."; (3) to Anderson's widow, two sons, and two daughters "as successors in interest of J. L. Anderson and J. L. Anderson, Inc."; and (4) to the same parties last named as "heirs at law, distributees and legatees," as to why they should not be made parties.

Due return was made to the rule to show cause, and the matter came on to be heard before Honorable Henry Busbee, Special Judge, presiding at Chesterfield, who refused the motion.

Notice of appeal from this order was given, and also notice of appeal from a subsequent order of Acting Judge Busbee settling the case for appeal, but we do not deem it necessary to go into the exceptions thereto or the further history of the case leading up to the appeals from Judge Busbee's orders, except the fact that the order settling the case was dated October 8, 1942, and was filed in the office of the Clerk of Court for Chesterfield County and served on appellant's attorney on October 9, 1942.

On December 14, 1942, respondent's attorney served upon the attorney for appellant a notice that on December 19, 1942, he would move before Honorable E. C. Dennis, Judge of the Fourth Judicial Circuit, at his Chambers in Darlington, S. C., on December 19, 1942, for an order dismissing the appeal "on the ground that the Return of appellant has not been filed in the Supreme Court within the time limited by the rules of said Court; said motion to be based upon the Certificate of the Clerk of the Supreme Court and the annexed affidavit of respondent's attorney."

The affidavit set forth "that although the case for appeal herein was settled by Order of Court dated October 8, 1942, and said Order was served on counsel for the appellant on October 9, 1942, no copies of the Case on appeal have been served upon the respondents or their attorney." The certificate of the Clerk of this Court consisted of a letter from the said Clerk to respondent's attorney in which he stated " * * * that the case of *McPherson v. Anderson* has not been docketed in this Court." The Clerk did not issue a regular form certificate to this effect, but in our opinion the letter above referred to was ample.

Upon request of appellant's attorney the day for the hearing of the motion to dismiss appellant's appeal was

postponed to December 22, 1942; and on account of a sleet storm the hearing was further postponed until December 30, 1942. Judge Dennis dismissed the appeal for the reason that the "case for appeal" (Transcript of Record) had not been served on respondent's counsel nor filed in the Supreme Court. It appears from all the papers before us that a Transcript of Record was filed in the office of the Clerk of this Court on December 28, 1942, while the motion to dismiss the appeal was pending before Judge Dennis. However, this fact is immaterial, since the *status quo* of the case at the time of the serving of the notice to dismiss will govern, unless of course it be waived by the moving party, and such is not the fact in this case.

Appellant also gave notice of appeal from the order of Judge Dennis dismissing his appeal.

Upon due notice appellant was apprised of the fact that the respondent would apply to this Court on February 9, 1943, for an order dismissing the appeal on the grounds:

"1. That the Transcript of Record was not filed in this Court nor served on Respondent's Counsel within the time limited by the rules of this Court.

"2. That the Brief of the Appellant does not comply with the rules of this Court.

"3. That the Transcript of Record does not comply with the rules of this Court, nor with the Order settling the case."

It is difficult to determine the status of appellant in this Court, but we have reached the conclusion to dispose of this proposed litigation.

The main appeal (the one from the orders of Special Judge Busbee) having been dismissed by order of Judge Dennis is not before the Court, although argued. There is an attempted appeal from Judge Dennis' order, and even a printed alleged Transcript of Record, but it is not consented to by respondent, nor has any Circuit Judge settled the case for appeal. The motion to dismiss the

appeal from the orders of Judge Busbee was determinable upon the basis of the facts as they existed at the time the notice was served; and under these facts, it was encumbent upon Judge Dennis to dismiss the appeal. See *Wade v. Gore*, 154 S. C., 262, 151 S. E., 470.

It may be that this Court has jurisdiction insofar as appellant's rights are concerned, since appellant was permitted to file his Transcript of Record, and the attorney for respondent during his lifetime, and attorney for the parties who it is sought to have made parties-defendants to the action, has moved in this Court to dismiss the appeal on the grounds hereinabove stated.

Grounds 2 and 3 of respondent's motion are meritorious, but we base our ruling that the appeal should be dismissed on respondent's first ground. There is no dispute that the Transcript of Record was not served upon respondent and filed in the office of the Clerk of this Court within the time required by the rules. Nor did appellant undertake to apply to a Court of competent jurisdiction for additional time in which to perfect his appeal. Therefore, the motion of respondent to dismiss the appeal is granted.

Appeal dismissed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.