17572

ASSOCIATED PETROLEUM CARRIERS, Plaintiff-Respondent-Appellant, v. MUTUAL PROPERTIES, INC., Defendant-Appellant-Respondent

(110 S. E. (2d) 861)

*Messrs. Odom, Nolen & Foster,* of Spartanburg, *for Plaintiff-Respondent-Appellant,*

*Messrs. Samuel R. Preston* and *Charles F. Cooper,* of Columbia, *for Defendant-Appellant-Respondent.*

*Messrs. Odom, Nolen & Foster,* of Spartanburg, *for Plaintiff-Respondent-Appellant,* in Reply,

October 28, 1959.

Moss, Justice.

The plaintiff, Associated Petroleum Carriers, a common carrier of petroleum products, brought this action against Mutual Properties, Inc., the defendant herein, a consignee, seeking judgment for freight charges due the plaintiff on account of certain shipments of petroleum products transported from Charleston, South Carolina, to Columbia, South Carolina.

The case was tried before the Honorable Legare Bates, County Judge of Richland County, South Carolina, and a

jury. At the conclusion of all the testimony, the County Judge directed a verdict for the plaintiff in the sum of $2,158.92. A motion, by the defendant, for a new trial was refused by an order dated September 25, 1958. The defendant did, on October 3, 1958, being within ten days after the refusal of the motion for a new trial, and in accordance with Section 7-405 of the 1952 Code of Laws, and Circuit Court Rule No. 49, serve upon plaintiff its notice of intention to appeal to this Court.

The defendant, having given notice of intention to appeal to this Court, was required within 30 days thereafter to prepare a case with exceptions and serve them on the opposite party, or his attorney. Section 7-406, of the 1952 Code of Laws, and Circuit Rule No. 49. It is provided in Section 7-409 of the Code that whenever the appellant shall fail to perfect his appeal in accordance with the foregoing statute and rule, such failure shall amount to a waiver thereof, unless the Court permits the appeal to be perfected as is provided in Sections 7-9 and 7-411 of the 1952 Code of Laws. The record shows that the defendant did not prepare and serve upon the plaintiff, or his attorney, a proposed case and exceptions within 30 days after it had given notice of intention to appeal to this Court.

The attorneys for the plaintiff, pursuant to due notice, served upon the attorneys for the defendant notice of a motion to dismiss the appeal of the defendant on the ground that it had failed to serve a proposed case and exceptions within 30 days after the service of the notice of intention to appeal, and that no extension of time for the filing of such had been requested of the plaintiff nor had such time for filing the said proposed case and exceptions been extended by any order of the Court. The motion was supported by an affidavit of counsel for the plaintiff showing these facts to be true. The motion was further supported by a certificate of the Clerk of this Court that no return had been filed in, nor had the case been docketed in this Court. The defendant made no contrary showing.

The motion to dismiss the appeal of the defendant was heard by the Judge of the Richland County Court on December 23, 1958, and, thereafter, on March 16, 1959, the County Judge issued an order denying the motion of the plaintiff and requiring the defendant to serve its case and exceptions within 20 days from the date of said order. The defendant did serve its case and exceptions on the plaintiff on April 3, 1959. The plaintiff has excepted to and appeals to this Court from the order of the County Judge refusing to grant its motion to dismiss the appeal of the defendant for failure to serve the case and exceptions within 30 days after the service of the notice of intention to appeal. The question for determination by this Court is whether or not the lower Court was in error in refusing to dismiss the appeal of the defendant.

We should make it perfectly clear that the defendant served its case and exceptions pursuant to the order of the County Judge. The defendant, pursuant to Supreme Court Rule 4, Section 1, has filed in this Court the "Return" or the "Transcript of Record" containing a statement of the case, the pleadings, testimony, the order of the trial Judge directing a verdict for the plaintiff and refusing a new trial, and its exceptions. The exceptions charge the trial Judge with error in failing to submit the case to the jury; in directing a verdict in favor of the plaintiff, and in failing to grant the motion of the defendant for a new trial.

Counsel for the defendant do not raise the question as to whether an order of the County Judge, extending the time for the service of a proposed case and exceptions, is appealable under the provisions of Sections 15-122 and 15-123 of the 1952 Code of Laws of South Carolina, which specifies what judgments, decrees and orders may be reviewed by this Court. Nevertheless, since the appeal of the plaintiff amounts substantially to a motion to dismiss in this Court, we will consider whether it was error on the part of the County Judge to refuse to dismiss the appeal of the defendant. We do this for the reason that

we have acquired exclusive jurisdiction of the entire subject-matter by the filing of an appeal by the defendant. In this connection we follow the procedure outlined in *Rylee v. Marett,* 121 S. C. 366, 113 S. E. 483, 486, where it was said:

" * * * But since the defendant's appeal in the case at bar amounts substantially to a motion to dismiss in this court, which has since acquired exclusive jurisdiction of the entire subject-matter by the filing of the return in the main (plaintiff's) appeal, we entertain no doubt as to the authority of this court to review the order in arriving at a determination of the question, still outstanding and now properly before the court, as to the right of the defendant to have plaintiff's appeal dismissed."

We think that the decision of this Court in *Wade v. Gore,* 154 S. C. 262, 151 S. E. 470, 471, is determinative of the issue made in this case. We quote from the cited case the following:

"After the required notice of intention to appeal has been given, it is the duty of appellant's counsel to proceed in the matter of perfecting the appeal. If, for any reason, counsel for appellant see that the proper steps or proceedings in the preparation and perfection of the appeal cannot be taken within the permitted time, such counsel should seek early enough, and before the time has expired, to procure the consent of the opposing counsel for further time in the matter; and the proper and safer practice, for the protection of all parties, and for the court as well, is to have such consent, if obtained, evidenced by writing.

"If the opposing counsel do not consent to an extension of time, or, if for any good reason counsel for appellant cannot, or should not, ask opposing counsel for the extension, then appellant's counsel should proceed on motion, as provided for in Section 649 (now Section 7-410 of the 1952 Code of Laws of South Carolina), to secure from the judge who heard the cause, or from one of the justices of this court, an order allowing the time to be extended. Attorneys should

be reminded, perhaps, that the motion for such extension must be made before the expiration of the time limited, and at least four days' notice of such motion must be given to the opposite party. *Tribble v. Poore,* 28 S. C. 565, 6 S. E. 577; *Deal v. Deal,* 85 S. C. 262, 67 S. E. 241."

In the case of *Deal v. Deal, supra,* the Court said:

" * * * It has been held that, after the time for the service of the case and exceptions has expired, the judge has no jurisdiction to extend the time. *Stribling v. Johns,* 16 S. C. 112; *Tribble v. Poore,* 28 S. C. 565, 6 S. E. 577." See also in this connection the case of *Kneece v. Hall,* 156 S. C. 73, 152 S. E. 815 [85 S. C. 262, 67 S. E. 241].

The record is conclusive that the defendant gave proper notice of intention to appeal to this Court but did not serve its proposed case and exceptions within the time provided by the statute and the Circuit Court rule. It further conclusively appears that the defendant made no effort to obtain an extension of time from plaintiff's counsel, nor did it move for an extension of time to perfect the appeal herein pursuant to Section 7-410 of the 1952 Code of Laws. This being the situation, it was the duty of the County Judge to dismiss the appeal of the defendant. In refusing to do so he committed error.

We conclude that the County Judge was in error in not dismissing the appeal of the defendant for the reason that it had not been perfected in accordance with Section 7-406 of the 1952 Code of Laws and Circuit Court Rule No. 49. The appeal of the plaintiff is sustained as a motion to dismiss in this Court. The appeal of the defendant to this Court is dismissed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.